Ex parte WALTER BELL.

No. A-6243.    Opinion Filed May 29, 1926.
(246 Pac. 893.)

R. C. Roland, for petitioner.

Geo. F. Short, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. This is a proceeding for writ of habeas corpus, in which petitioner alleges that on February 12, 1925, he was charged in the county court of Carter county, in causes numbered 114, 115 and 116, with violations of the prohibitory liquor law; that said cause No. 114 was tried, and he was convicted, and his punishment fixed at confinement in the county jail for a term of six months and a fine of $100 and costs; that thereupon he entered pleas of guilty in causes numbered 115 and 116, and was given the same sentence in each case as that imposed in No. 114, and the judgment and sentence in each of the latter cases, by express terms, was made to run concurrently with case No. 114. The petitioner further alleges that he has served the six-month jail sentence assessed in case No. 114, and, in addition, has served 188 days, which is more than sufficient time to liquidate the fine and highest costs of any of said three causes. It is further made to appear to the court by oral testimony that the pleas of guilty in cases Nos. 115 and 116 were entered under an agreement between the state and the defendant that the sentences should run concurrently with No. 114. The facts are not contested by the state.

Since it is undisputed that the defendant has discharged by imprisonment the sentence, including fine and highest costs, imposed upon him, the questions for our determination are: First, had the court power to provide that the sentences imposed should run concurrently? Second, if the sentences run concurrently, does the discharge by imprisonment of the fine and costs in cause No. 114 also discharge the fine and costs in the other cases?

Before the enactment of governing statutes in cases when two or more sentences were imposed at the same time, there was a wide difference among the courts as to whether one term of imprisonment commenced on the termination of the imprisonment on another sentence, or whether each term commenced from the judgment and sentence of conviction and ran concurrently. The following early cases held that they might run cumulatively or consecutively: State v. Smith, 5 Day (Conn.) 175, 5 Am. Dec. 132; Mills v. Commonwealth, 13 Pa. 631; Kite v. Commonwealth, 11 Metc. (Mass.) 581; People v. Forbes, 22 Cal. 135. The contrary was held in the cases of: Miller, Warden, etc., v. Allen, 11 Ind. 389; James v. Ward, 2 Metc. (Ky.) 271; Prince v. State, 44 Tex. 480, 1 Am. Cr. Rep. 545.

Most of the states now have statutes requiring or permitting the imposing of cumulative or consecutive sentences under which it is generally provided that the sentences are cumulative, unless otherwise clearly expressed, as in the following cases: Ex parte Brady, 70 Ark. 376, 68 S. W. 34; Ex parte Black, 162 N. C. 457, 78 S. E. 273; Peed, Sheriff, v. Brewster, 168 Ind. 51, 79 N. E. 1039; Fortson v. Elbert County, 117 Ga. 149, 43 S. E. 492; Breton, Petitioner, 93 Me. 39, 44 A. 125, 74 Am. St. Rep. 335; Ex parte Gafford, 25 Nev. 101, 57 P. 484, 83 Am. St. Rep. 568; Kirkman v. McClaughry (C. C.) 152

F. 255; Ex parte Weisman (Kan.) 143 P. 487; Harris, etc., v. Lang, 27 App. D. C. 84, 7 L. R. A. (N. S.) 124, note, 7 Ann. Cas. 141.

The law of this state is found in sections 2303 and 2774, as follows:

"2303. When any person is convicted of two or more crimes, before sentence has been pronounced upon him for either, the imprisonment to which he is sentenced upon the second or other subsequent conviction must commence at the termination of the first term of imprisonment to which he shall be adjudged, or at the termination of the second or other subsequent term of imprisonment, as the case may be."

"2774. If the defendant (shall) have been convicted of two or more offenses, before judgment on either, the judgment may be that the imprisonment upon any one may commence at the expiration of the imprisonment upon any other of the offenses.'"

These sections are pari materia, and are to be construed together so as to give effect to each section. Section 2303 is mandatory in form, and was evidently enacted so that the sentence where two or more convictions were had, before sentence was pronounced, should run consecutively and not concurrently. This section is mandatory in form, and clearly carries such meaning. Section 2774 has much the same meaning as section 2303, except the provision that the sentence pronounced on the subsequent conviction may commence at the expiration of imprisonment of any other offense instead of *must* commence at the termination of the prior sentence. To construe the two sections together, and give each meaning, it is evident that, where a sentence upon a second or subsequent conviction does not state when it shall commence, under section 2303 it must commence at the termination of the prior term of imprisonment, or,

if the court passing sentence where there has been a conviction of two or more offenses shall specify cumulative or consecutive terms in the judgment, as provided in section 2774, then the second or subsequent terms shall also commence at the expiration of the prior term. But, in the provision of the latter section that the judgment of imprisonment may commence at the expiration of the prior term of imprisonment, there is the implied power conferred on the court passing such sentence that he may either have it commence at the termination of the prior sentence or may have it run concurrently with the prior sentence by so stating in the judgment. Ex parte Ray, 18 Okla. Cr. 167, 193 P. 635; Ex parte Smith, 33 Okla. Cr. 175, 242 P. 284.

Here, it being specifically and definitely stated in the judgment that the sentences run concurrently, the term of imprisonment in cases Nos. 115 and 116 were served at the same time as the sentence in case No. 114. They all took effect alike, and have all been discharged by imprisonment.

In the matter of the fine and costs, section 6332, Comp. St. 1921, provides that the fine and costs are made a part of the penalty, and, if not paid, shall be enforced by imprisonment. Ex parte Walker, 31 Okla. Cr. 36, 236 P.. 919. This statute was enacted in 1913, and was evidently for the purpose of meeting the condition discussed in the case of Ex parte Bowes, 8 Okla. Cr. 201, 127 P. 20, which was under a statute which did not make the fine and costs a part of the penalty. The fine and costs being a part of the penalty, the discharge of such penalty by imprisonment in case No. 114 operates as a discharge in cases Nos. 115 and 116. We are, therefore, clearly of the opinion that the petitioner has satis-

fied the judgment in each case and is entitled to his discharge.

The writ is awarded.

BESSEY, P. J., and DOYLE, J., concur.