## Ex parte CHARLIE STRADER.

No. A-6692. Opinion Filed July 11, 1927.
(257 Pac. 1112.)

J. Earl Smith, for petitioner.

Edwin Dabney, Atty. Gen., and C. C. Suman, Co. Atty., for respondent.

EDWARDS, J. This is a proceeding for habeas corpus in which petitioner alleges that he is illegally restrained of his liberty by the sheriff of Payne county. The case is submitted upon the verified petition and a stipulation and agreed statement of facts. It appears that on February 1, 1927, petitioner stood charged in the county court of Payne county, in cases numbered 4751 and 4760, with violations of the prohibitory liquor law; that he entered a plea of guilty in each of said cases, and on such pleas of guilty judgment was entered in each case assessing a fine of $125 and costs, and imprisonment in the county jail for 30 days. The judgment in case No. 4760 further expressly provided that the jail sentence therein imposed should run concurrently with the jail sentence in case No. 4751. Petitioner thereupon paid the fine and cost in each of said cases in full. More than four months later, on June 6, 1927, the petitioner again was brought before the said county court in case No. 4760 and a further judgment entered, in part, as follows:

"* * * It is therefore ordered, adjudged, and decreed

that the order heretofore made, ordering that the sentence be served concurrently, be changed and modified, and it is now ordered that the sentence heretofore imposed upon the defendant Charlie Strader, be served consecutively instead of concurrently. * * *"

It further appears that petitioner has served the full term of 30 days prior to the filing of his petition.

In the case of In re Walter Bell, 34 Okla. Cr. 354, 246 P. 893, this court had under consideration the question whether or not two or more sentences assessed against an accused must run concurrently or consecutively. In that case, this court in construing sections 2303 and 2774, Comp. St. 1921, said:

"* * * These sections are pari materia, and are to be construed together so as to give effect to each section. Section 2303 is mandatory in form, and was evidently enacted so that the sentence where two or more convictions were had before sentence was pronounced should run consecutively and not concurrently. * * * Section 2774 has much the same meaning as section 2303, except the provision that the sentence pronounced on the subsequent conviction may commence at the expiration of imprisonment of any other offense instead of must commence at the termination of the prior sentence. To construe the two sections together, and give each meaning it is evident that, where a sentence upon a second or subsequent conviction does not state when it shall commence, under section 2303 it must commence at the termination of the prior term of imprisonment, or, if the court passing sentence where there has been a conviction of two or more offenses shall specify cumulative or consecutive terms in the judgment, as provided in section 2774, then the second or subsequent terms shall also commence at the expiration of the prior term. But, in the provision of the latter section that the judgment of imprisonment may commence at the expiration of the prior term of imprisonment, there is the implied power conferred on the court passing such sentence that he may either have it commence at the termination of the prior sentence or may have it run concurrently with the prior sentence by so stating in the judgment. Ex parte Ray, 18 Okla. Cr. 167, 193 P. 635; Ex parte Smith, 33 Okla. Cr. 175, 242 P. 284.

"Here, it being specifically and definitely stated in the judgment that the sentences run concurrently, the term of imprisonment in cases Nos. 115 and 116 were served at the same time as the sentence in case No. 114. They all took effect alike, and have all been discharged by imprisonment. * * *"

This, we think, is the correct rule, and no reason for modifying it is suggested. Here, however, more than four months after the judgment and sentence in these cases had been assessed and after the term of court had ended, the court attempted to modify the judgment in No. 4760 by having it run consecutively, following the judgment in case No. 4751. This may not be done. When a judgment is rendered, the clerk must enter the same upon the minutes, stating briefly the offense for which the conviction was had. Section 2777, Comp. St. 1921. The judgment is final when pronounced by the court as when it is entered and recorded by the clerk, as required by the statute. 15 R. C. L. 677, S. 128 F.; Ex parte Howard, 2 Okla. Cr. 563, 103 P. 663; Jones v. Territory, 4 Okla. 45, 43 P. 1072.

Even if the general rule applicable to judgments that they may be revised or changed during the term of court at which they are assessed applied to judgments in criminal cases, yet it is well settled that where a defendant has executed or entered upon the execution of a valid sentence the court cannot, even during the term in which the sentence was rendered, set aside and render a new sentence. See 16 C. J. p. 1314, § 3096, par. 1, where many authorities are cited in support of the text in which the rule is announced. The court at a subsequent term, as a general rule, in the absence of some statute authorizing it, is without power to modify, amend, or revise a valid judgment. To do so violates section 21, Bill of Rights, which forbids that an accused shall be twice put in jeopardy for the same offense. Rupert v. State, 9 Okla. Cr. 226, 131 P. 713, 45 L. R. A. (N. S.) 60, and Ex parte Myers, 12 Okla. Cr. 575, 160 P. 939. Where a court in such case attempts to modify the judg-

ment, his act is void and does not affect the original sentence. 16 C. J. p. 1315, par. 3099, notes. See, also, Ex parte Friday (D. C.) 43 F. 916; Elsner v. Shirgley, 80 Iowa, 30, 45 N. W. 393.

A judgment, of course, may be corrected by proper order nunc pro tunc, but a new and different judgment cannot be entered.

The writ is awarded and the petitioner discharged.

DOYLE, P. J., concurring.

DAVENPORT, J., absent, not participating.