# Ex parte HAROLD HUDSON.

No. A.-7454.   Opinion Filed July 20, 1929.
(279 Pac. 711.)

John W. Whipple, for petitioner.

Edwin Dabney, Atty. Gen., for respondent.

EDWARDS, P. J.   This is an original proceeding in habeas corpus.   Petitioner alleges: That he is unlawfully restrained of his liberty by the warden of the state penitentiary at McAlester.   That in February, 1924, he was convicted in the superior court of Creek county on a charge of grand larceny and was sentenced to serve three years in the state penitentiary at Granite, Oklahoma, and that said sentence was suspended by the trial court.   Thereafter on April 10, 1926, on a charge pending in said superior court petitioner entered a plea of guilty to burglary and was sentenced to serve a term of four years in the state penitentiary at McAlester.   At the same time the judge of the superior court made a finding that the parole granted to petitioner upon his conviction of grand larceny had been violated, and it was ordered revoked.   The judge at the time proceeded to sentence him upon both convictions, ordering that they

run concurrently. Petitioner further alleges that with allowance for good time he has now served said concurrent sentences and is entitled to be discharged.

The trial judge may suspend a sentence, in the nature of a judicial parole, under certain conditions for offenders under 21 years of age except for certain specified crimes. The suspension, however, is after judgment and sentence has been imposed. Section 2803, Comp. St. 1921. In case of the violation of the parole during the term for which the offender is sentenced, the parole may be revoked and the offender required to serve the sentence. Ex parte Eaton, 29 Okla. Cr. 275, 233 Pac. 781. When this is done, no additional nor further sentence is necessary. 16 C. J. § 3141. The authority of a trial court in the matter of sentences is found in sections 2303 and 2774, Comp. St. 1921, as follows:

"2303. * * * When any person is convicted of two or more crimes, before sentence has been pronounced upon him for either, the imprisonment to which he is sentenced upon the second or other subsequent conviction must commence at the termination of the first term of imprisonment to which he shall be adjudged, or at the termination of the second or other subsequent term of imprisonment, as the case may be."

"2774. * * * If the defendant (shall) have been convicted of two or more offenses, before judgment on either, the judgment may be that the imprisonment upon any one may commence at the expiration of the imprisonment upon any other of the offenses."

In those states where there is no statute expressly authorizing cumulative sentences, there appears to have been some confusion as to the authority of the trial court to impose such sentences. It is possibly for this reason that the statutes of many of the states have expressly

conferred authority to impose cumulative sentences as is done in the sections of our statute, just cited. See 16 C. J. §§ 3082 and 3224; 8 R. C. L., p. 240 et seq.

In Ex parte Bell, 34 Okla. Cr. 354, 246 Pac. 893, it was held:

"Under sections 2303 and 2774, Comp. St. 1921, where a defendant is convicted of two or more crimes before sentence has been pronounced for either, if the judgment and sentence does not designate when the second or other subsequent conviction shall commence, or if it does so designate, it shall commence at the termination of the first term of imprisonment, or at the termination of the other or subsequent terms, as the case may be. If the judgment and sentence for the second or subsequent conviction shall specifically designate that it run concurrently with the judgment and sentence of the first or prior conviction, it shall so run concurrently."

It is clear that the trial court did not have authority to provide that a sentence to the penitentiary at Granite imposed in 1924 could run concurrently with a sentence to the penitentiary at McAlester imposed in 1926. That part of the judgment which attempts to order that the sentences run concurrently is a nullity.

The writ is denied.

DAVENPORT and CHAPPELL, JJ., concur