## In re T. B. JOHNSON.

No. A-9018.   Nov. 15, 1935.
(52 Pac. [2d] 107.)

Mathers & Mathers, for petitioner.

Mac Q. Williamson, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, P. J.   This is a proceeding for a writ of habeas corpus in which the petitioner alleges he is restrained of his liberty, and is unlawfully imprisoned at McAlester, Okla., by Roy W. Kenny, warden of the state penitentiary of the state of Oklahoma; that the cause of said restraint according to the best knowledge and belief of the petitioner is, petitioner was convicted in the district court of Canadian county, Okla., of the crime of burglary, and sentenced to said penitentiary for a period of five years, and to pay the costs of said prosecution in the sum of $302.   In default of the payment of said costs he was to pay the same by confinement in the state penitentiary at the rate of $1 per day until the amount was paid.

Petitioner alleges he completed his term of imprisonment on the 11th day of October, 1935, and since said time

and is now being held illegally, and imprisoned by the said warden in default of the payment of said costs. Petitioner further alleges that said warden has no authority to hold him in the penitentiary for the payment of the costs, and that his restraint on account of not being able to pay the said costs is illegal and unauthorized.

To this petition the warden of the state penitentiary filed a response in which he admits that the petitioner was committed to the state penitentiary on the 28th day of December, 1932, pursuant to three commitments, and on three separate judgments rendered in the district court of Canadian county, in the month of December, 1932; that the first judgment was rendered on the 3d day of December, 1932, and provided that the defendant be confined in the state penitentiary at McAlester, Okla., for a term of five years, and that he pay the cost of the prosecution taxed at $302, and the probable cost of executing the judgment and sentence, in the sum of $18, for which execution was awarded, and if such costs were not paid to be served at the rate of $1 per day.

Respondent further states this judgment was rendered in cause No. 2137, in the district court of Canadian county; that a second and third judgment against the defendant upon which commitments were issued were rendered in causes Nos. 2138 and 2139, in the district court of Canadian county, on the 24th day of December, 1932, some three weeks after the judgment in No. 2137 had been rendered, and by a different district judge than the one pronouncing judgment in No. 2137.

Respondent further states that the sentences in the second and third judgment provided that said judgments run concurrently with cause No. 2137, the first of the three judgments rendered against petitioner. Respondent fur-

ther states that while it was in the power of the court to make the judgments in causes Nos. 2138 and 2139 run concurrently with each other, that it was not within the power of the said court to make said judgments run concurrently with the judgment in cause No. 2137, because the said judgment in No. 2137 had been pronounced three weeks before the judgments in the other two causes were pronounced.

The respondent further submits that this petitioner has not served the full term of imprisonment as required by the aforesaid judgments construed in the light of decisions by this court relative to when judgments may be made to run concurrently. Respondent further states that the judgment in No. 2137, allowing credit for good time and work time expired on the 18th day of September, 1935, but he submits this petitioner is not entitled to be discharged until he has served the additional time of five years required in cases Nos. 2138 and 2139, as above indicated, and asks that the writ be denied.

The respondent attaches a copy of each of the three judgments to his response showing the day and dates of the sentences and the imprisonment imposed.

Section 3144, O. S. 1931, is as follows:

"If the defendant have been convicted of two or more offenses, before judgment on either, the judgment may be that the imprisonment upon any one may commence at the expiration of the imprisonment upon any other of the offenses."

Section 3145, O. S. 1931, is as follows:

"When any person is convicted of two or more crimes before sentence has been pronounced upon him for either, the imprisonment to which he is sentenced upon the second or other subsequent conviction must commence at the

termination of the first term of imprisonment to which he shall be adjudged, or at the termination of the second or other subsequent term of imprisonment, as the case may be."

It is disclosed by the pleadings that the petitioner was sentenced in No. 2137, on the 3d day of December, 1932, and was sentenced in Nos. 2138 and 2139, on the 24th day of December, 1932, more than three weeks after his sentence was imposed in No. 2137. Therefore, the district court was without jurisdiction when it imposed a sentence on the petitioner in Nos. 2138 and 2139, and ordered the sentence to run concurrently with the sentence in No. 2137. Under the provisions of our statute, and the decisions of this court, it is only where a party has been convicted of two or more crimes and has not been sentenced that the court may provide that the sentences in the cases run concurrently. Ex parte Strader, 37 Okla. Cr. 285, 257 Pac. 1112; Ex parte Halbert, 45 Okla. Cr. 167, 282 Pac. 478; Ex parte Bell, 34 Okla. Cr. 354, 246 Pac. 893.

The sentence in No. 2137 has been fully served, and the petitioner is now serving on the concurrent sentences of five years in No. 2138 and No. 2139, and has been since the 18th day of September, 1935, and is not entitled to be discharged until he has served the additional time as provided in the sentences in Nos. 2138 and 2139.

The petitioner has failed to show he is entitled to the relief prayed for. The writ is denied.

EDWARDS and DOYLE, JJ., concur.