Ex parte DANIEL L. ROBNETT.

No. A-9825.   April 11, 1940.
(101 P. 2d 645.)

236

Sid White, of Oklahoma City, for petitioner.

Mac Q. Williamson, Atty. Gen., and Owen J. Watts, Asst. Atty. Gen., for respondent.

JONES, J. This is an original proceeding in habeas corpus. In the verified petition filed herein it is alleged:

"That the petitioner is a man now twenty-four years of age, without education, and with no understanding of law.

"That on the 21st day of February, 1938, the petitioner stood charged by information in the district court of Cleveland county, Oklahoma, in cause numbered 3554 with the offense of grand larceny.

"That on said date the petitioner entered his plea of guilty to said charge with the agreement and understanding that the judgment and sentence should be arrested and suspended during his good behavior, all of which was accordingly done.

"That thereafter and on the 3rd day of January, 1939, the petitioner was again charged by information in the district court of Cleveland county, Oklahoma, in cause numbered 3596 with the offense of larceny of domestic animals.

"That at said time the petitioner was alone and without the advice of counsel. That at said time it was agreed by the county attorney and acquiesced in by the trial judge that if he, this petitioner, would enter his plea of guilty in said cause numbered 3596, a sentence of two years imprisonment in the penitentiary would be assessed therefor; the judgment in cause numbered 3554 aforesaid would be set aside, and the petitioner permitted to again enter his plea of guilty in said cause and a sentence there imposed of two years in the state penitentiary and that both said judgments would be so entered, worded, and executed; that the sentences should and would run concurrently, and petitioner be accordingly permitted to serve the two together. That the petitioner relying upon said representations of the county attorney and trial judge did enter his plea of guilty in said cause numbered 3596 and did receive a sentence of two years in the state penitentiary at McAlester therefor. That there upon and on the same date, the district judge did make and enter his order in cause numbered 3554, revoking the suspended sentence and committing the defendant to the warden of the state penitentiary to serve said judgment and sentence."

Copies of the orders of the court pertaining to said causes are attached to the petition.

"That the petitioner completely served two years in the state penitentiary, and that the said warden is now holding the petitioner to serve an additional two years by reason of the judgment and sentence pronounced in cause numbered 3596."

"That if the district court of Cleveland county, Oklahoma, did not on the 3rd day of January, 1939, have power to deal with the judgment in cause numbered 3554 as agreed and attempted, then the judgment and sentence in cause numbered 3596 is a fraud and imposition upon the rights of this petitioner."

The rule to show cause was issued, and the warden in his response pleads that the court did not have jurisdiction to make the orders complained of and is wholly without authority to adjudge that the sentences run concurrently.

Upon the hearing the petitioner introduced proof that showed facts in substance the same as alleged in the petition. Statements of the county attorney and the trial judge were introduced in evidence on behalf of the petitioner in which they agree that the representations were made to the petitioner, that if he would plead guilty in cause numbered 3596 he would receive a sentence of two years, and that the same would run concurrently with the two years to which he had been sentenced in cause numbered 3554. There was also introduced in the record an order nunc pro tunc, issued by the district judge of Cleveland county on February 5, 1940, in which order the judge attempted to correct the order made in said causes numbered 3554 and 3596 so as to provide that the sentences therein imposed should run concurrently, all as of the date of January 3, 1939.

We heretofore have held in the case of Ex parte Hudson, 44 Okla. Cr. 14, 279 P. 711:

"Where any person is convicted of two or more crimes, before sentence is pronounced upon him for either, the trial court, under the provisions of sections 2303 and 2774, Comp. Stat. 1921 [21 Okla. St. Ann. § 61; 22 Okla. St. Ann. § 976], may provide in the sentences that they shall run concurrently. Where a defendant has been sentenced upon one conviction and a suspension or judicial parole given under the provisions of section 2803, Comp. Stat. 1921 [22 Okla. St. Ann. § 991], and thereafter he is convicted for another offense, and the trial court then revokes the suspension given, the court is without authority to adjudge that the sentences run concurrently."

Under the authority of this case, the district court of Cleveland county was clearly without authority to adjudge that the sentences run concurrently.

However, there is merit to the contention of the petitioner that the judgment and sentence pronounced against him in cause numbered 3596 is void for the reason that the accused was not fully advised as to his rights and was incorrectly advised as to the consequences of his act by the court before entering his plea to the information.

It is conceded that the representations made by the county attorney and the district judge were contrary to our ruling in Ex parte Hudson, supra.

In the case of Ex parte Barnett, 67 Okla. Cr. 300, 94 P. 2d 18, 19, this court expressed the following rules which govern in habeas corpus proceedings such as this:

"The scope of review on habeas corpus is limited to an examination of the jurisdiction of the court whose judgment of conviction is challenged.

"Every person charged with a crime, whether guilty or innocent, is entitled to a fair and impartial trial according to the due and orderly course of the law, and it is a duty resting upon the courts to see that the guaranty of such a trial, conferred by the laws upon every citizen, shall be upheld and sustained.

"When a person is held in custody under a void order of commitment, or is imprisoned without due process of law under the sentence of any court of the state, it is court's duty upon habeas corpus to inquire into the illegality of the commitment when the matter is properly before it, and, if it be adjudged that the order of commitment was made without authority of law, the person will be entitled to a discharge from custody. * * *

"The remedy of habeas corpus is available wherever it is found that the court in which the petitioner was tried had no jurisdiction to try him, or that in its proceedings his constitutional rights were denied. * * *

"Under the Bill of Rights [Okla. St. Ann. Const. art. 2, § 20], an accused has the right to consult with counsel and to be fully advised as to his rights, and as to the consequences of his act before entering his plea to the indictment or information."

In Howington v. State, 30 Okla. Cr. 243, 235 P. 931, this court held:

"A plea of guilty should be entirely voluntary, and should be made by one competent to know the consequences thereof, and should not be accepted until after the defendant has been fully advised by the court of his rights and the consequences of his plea."

Clearly, if it is the duty of the court to advise the defendant of the consequences of his plea and the court accordingly makes certain promises which cannot lawfully be carried into execution, a plea of guilty thus obtained is contrary to the spirit of the Bill of Rights of our Constitution. The petitioner was young, ignorant, and inexperienced; he had a right to rely upon the representation made to him by the county attorney and concurred in by the trial judge. Under such circumstances it is our opinion that the judgment and sentence pronounced in cause numbered 3596 is null and void, and

that the petitioner is unlawfully restrained of his liberty and imprisoned by reason thereof without due process of law.

A void judgment may be vacated in a habeas corpus proceeding. When the judgment is thus vacated, the proceedings should be remanded to the trial court where the defendant may be tried on the merits of the case pending against him. If the defendant's rights have been prejudiced to such an extent that he cannot have a fair trial by reason of disclosures made at the first hearing or for any other reason, this court may order his release from custody.

It is therefore ordered that the judgment and sentence pronounced in cause numbered 3596 in the district court in and for Cleveland county, Okla., be and the same is hereby vacated and set aside.

It is further ordered that the writ of habeas corpus as prayed be issued, and that the warden of the state penitentiary at McAlester, Okla., be and is hereby commanded forthwith to deliver into the custody of the sheriff of Cleveland county, Okla., the petitioner Daniel L. Robnett.

It is further ordered that the sheriff of Cleveland county, Okla., hold the said Daniel L. Robnett pending the disposition of the offense alleged against him in cause numbered 3596 in the district court of Cleveland county or until he is otherwise discharged by the making of bail in accordance with the law as provided in such cases.

DOYLE, P. J., and BAREFOOT, J., concur.