Ex parte PAUL PENNINGTON.

No. A-9982.   Feb. 26, 1941.

(110 P. 2d 923.)

Streeter Speakman, of Sapulpa, for petitioner.

Mac Q. Williamson, Atty. Gen., for respondent.

JONES, J. This is an original proceeding in habeas corpus in which the petitioner seeks his release from the State Reformatory at Granite.

The verified petition filed herein alleges in substance:

"That on the 15th day of August, 1938, the petitioner stood charged by information in the District Court of Creek County with the offense of second degree burglary in case No. 3963. That the petitioner was seventeen years of age, without education and with no understanding of law.

"That on said date, the petitioner entered his plea of guilty to the said charge with the agreement and understanding that the judgment and sentence in said case should be suspended during his good behavior, all of which was accordingly done.

"That thereafter, on the 14th day of November, 1938, the petitioner was again charged by information in the District Court of Creek County with the offense of second degree forgery in case No. 3990.

"That at said time, the petitioner appeared before the district judge alone, without the aid and advice of counsel. That at said time the county attorney represented to him, which agreement was acquiesced in by the trial judge, that if the said petitioner would enter his plea of guilty to the charge of forgery in the second degree, a sentence of three and one-half years in the penitentiary would be assessed therefor; that the judgment suspending the sentence in the burglary case would be set aside and a sentence in said cause imposed of two years in the State Penitentiary, and that both said judgments would be so entered, worded, and executed that the sentences should and would run concurrently.

"That the petitioner relied upon said representation of the county attorney and the trial judge, did enter his plea of guilty in said cause No. 3990, and did receive a sentence of three and one-half years in the State Penitentiary therefor. That thereupon and on the same date, the district judge did make an order in cause No. 3963, revoking the suspended sentence and committing the defendant to the Warden of the State Penitentiary to serve said judgment and sentence, and providing in the orders entered in each of said cases that the sentences imposed should run concurrently with each other.

"That the petitioner has completed serving three and one-half years in said penitentiary, but the warden of said institution is holding the petitioner to serve an additional two years, and is refusing to recognize the order of the court providing that the sentences run concurrently.

"That the petitioner alleges that the judgment and sentence issued against the petitioner in cause No. 3990 is void for the reason that the accused, without the aid and advice of counsel, was misinformed as to his constitutional and statutory rights by the county attorney and by the trial court before entering his plea to the informa-

tion in said case, and prays that he be discharged immediately from such unlawful imprisonment."

Upon the filing of this petition, the writ of habeas corpus was issued, and said matter was set for hearing for January 7, 1941. No response has been filed to the petition; but at the hearing of said matter, the assistant county attorney of Creek county appeared before this court and stated to the court that the facts set forth in the petition and testified to by the petitioner in open court were true and correct, and that he, as assistant county attorney of Creek county, did make the representations to the petitioner as set forth in said petition.

The district court of Creek county was without authority to adjudge that the sentences run concurrently. Ex parte Hudson, 44 Okla. Cr. 14, 279 P. 711.

In Ex parte Barnett, 67 Okla. Cr. 300, 94 P. 2d 18, 19, this court held:

"The scope of review on habeas corpus is limited to an examination of the jurisdiction of the court whose judgment of conviction is challenged. * * *

"The remedy of habeas corpus is available wherever it is found that the court in which the petitioner was tried had no jurisdiction to try him, or that in its proceedings his constitutional rights were denied. * * *

"Under Bill of Rights, sec. 20, Okla. St. Ann. Const., an accused has the right to consult with counsel and to be fully advised as to his rights, and as to the consequences of his act before entering his plea to the indictment or information."

See, also, Ex parte Meadows, 70 Okla. Cr. 304, 106 P. 2d 139.

The facts in this case are very similar to the facts in the case of Ex parte Robnett, 69 Okla. Cr. 235, 101 P. 2d 645, 647.

In Ex parte Robnett, supra, after reviewing the various authorities touching upon this question, this court concluded:

"Clearly, if it is the duty of the court to advise the defendant of the consequences of his plea and the court accordingly makes certain promises which cannot lawfully be carried into execution, a plea of guilty thus obtained is contrary to the spirit of the Bill of Rights of our Constitution. The petitioner was young, ignorant, and inexperienced; he had a right to rely upon the representation made to him by the county attorney and concurred in by the trial judge. Under such circumstances it is our opinion that the judgment and sentence pronounced * * * is null and void, and that the petitioner is unlawfully restrained of his liberty and imprisoned by reason thereof without due process of law.

"A void judgment may be vacated in a habeas corpus proceeding. When the judgment is thus vacated, the proceedings should be remanded to the trial court where the defendant may be tried on the merits of the case pending against him. If the defendant's rights have been prejudiced to such an extent that he cannot have a fair trial by reason of disclosures made at the first hearing or for any other reason, this court may order his release from custody."

On the date of the hearing before this court, a written order was issued, directed to the warden of the State Reformatory at Granite, directing the release of the petitioner upon his own recognizance; said petitioner to return to his home in Creek county to await the formal opinion of this court. Under the admitted facts in this case, we conclude that the judgment and sentence pronounced in cause No. 3990 in the district court in and for Creek county is void and should be vacated.

It is therefore ordered that the judgment and sentence pronounced in cause No. 3990 in the district court in and for Creek county, Okla., be, and the same is hereby, vacated and set aside.

It is further ordered that the district court of Creek county, Okla., proceed with the disposition of cause No. 3990 in the district court of said county the same as if no arraignment had been ever held in said case, and the said petitioner is ordered forthwith to report to the district court of said county for arraignment upon said charge.

BAREFOOT, P. J., and DOYLE, J., concur.