In re DONALD FLOWERS.

No. A-9990.   March 12, 1941.
(111 P. 2d 509.)

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

JONES, J. This is an original proceeding in habeas corpus filed in this court, in which the petitioner seeks his

release from the State Penitentiary at McAlester. In the verified petition, filed herein, it is alleged:

"That on July 5, 1930, petitioner stood charged in the District Court of Kay County, State of Oklahoma, of the crime of robbery with firearms in case No. 2281.

"That on July 15, 1930, he also stood charged in the District Court of Kay County, State of Oklahoma, of the crime of forgery in the second degree.

"That on September 26, 1930, and on September 27, 1930, this petitioner was tried by jury and found guilty and assessed a punishment of a term of fifteen years imprisonment in the Oklahoma State Penitentiary at McAlester, Oklahoma, in said case No. 2281.

"That formal judgment and sentence was passed by the court on September 29, 1930, confirming the verdict of the jury in said case No. 2281.

"That on September 27, 1930, the petitioner entered his plea of guilty to the forgery charge; and on October 1, 1930, after a recommendation of the county attorney, the court sentenced the petitioner in said case No. 2306 to be confined in the State Penitentiary for a period of five years, and provided that said sentence should run concurrently with the sentence of fifteen years imposed on the petitioner on the 29th day of September, 1930, in case No. 2281.

"That the petitioner commenced serving on said sentences on October 3, 1930.

"That on May 3, 1938, he was discharged in case No. 2281 and registered in to serve a term of five years in case No. 2306.

"That the then District Judge of the District Court of Kay County wrote a letter to the Governor, excerpts from which are quoted in the petition as follows:

" 'On October 1, 1930, he (the petitioner, Donald Flowers) pleaded guilty in case No. 2306 to forgery in the second degree, and was sentenced to McAlester for five years, the sentence to run concurrently with the sentence of fifteen years in case No. 2281.

" 'As he was not convicted in the last case until after he had been sentenced in the first case, the trial court was without power or authority to allow the sentence in the second case to run concurrently with the sentence in the first case.

" 'While my court cannot terminate the sentence in the second case (No. 2306), I wish to keep faith with this defendant.

" 'I, therefore, ask and recommend that clemency be granted the above named defendant in case No. 2306.'

"That on June 2, 1938, the petitioner was paroled from said imprisonment in case No. 2306 on order of the Governor of the State of Oklahoma; but that subsequently to his release on parole, he was convicted of another felony; the parole was revoked, and the petitioner re-incarcerated in the penitentiary.

"That the petitioner relied upon the promise of his counsel and statement of the county attorney that said sentence in case No. 2306 would run concurrently with said sentence in case No. 2281, and entered his plea of guilty in said cause in reliance upon said statements."

Copies of the judgments and sentences in each of the said cases are attached to the petition, together with a certified copy of the prison record of said petitioner in each of the cases.

The warden of the State Penitentiary, acting through the Attorney General, filed a demurrer to said petition for the reason that the same does not state facts sufficient to entitle the petitioner to relief.

The scope of review on habeas corpus is limited to an examination of the jurisdiction of the court whose judgment of conviction is challenged. Ex parte Barnett, 67 Okla. Cr. 300, 94 P. 2d 18; Ex parte Robnett, 69 Okla. Cr. 235, 101 P. 2d 645, 647.

It is further held in the above cases that:

"When a person is held in custody under a void order of commitment, or is imprisoned without due process of law under the sentence of any court of the state, it is court's duty upon habeas corpus to inquire into the illegality of the commitment when the matter is properly before it, and, if it be adjudged that the order of commitment was made without authority of law, the person will be entitled to a discharge from custody. * * *

"The remedy of habeas corpus is available whenever it is found that the court in which the petitioner was tried had no jurisdiction to try him, or that in its proceedings his constitutional rights were denied."

The petitioner contends that the facts in his case are controlled by the opinion of this court in Ex parte Robnett, supra. However, there are these distinguishing features in the two cases:

In the Robnett Case, the defendant was a minor, uneducated and inexperienced in law, and did not have the advice of counsel. The trial judge in that case filed an affidavit with this court, in which he stated that he discussed the matter of Robnett pleading guilty before he entered his plea of guilty, and told him that if he entered his plea of guilty in the second case, his sentence would run concurrently with that in a former case, in which sentence was suspended during good behavior, but which suspension was being revoked.

In the instant case, Flowers had able counsel at every step of the proceedings in both of the cases against him. He first entered his plea of not guilty in each of said cases; and was tried by a jury in the robbery case, and his punishment fixed at 15 years in the State Penitentiary. According to the exhibits attached to the petition, the journal entry of judgment pronouncing sentence in that case had

been filed two days before the plea of guilty was entered in the second case.

This court has held in many cases that under sections 3144 and 3145, O. S. 1931, 22 Okla. St. Ann. 976, 21 Okla. St. Ann. 61, where a defendant is convicted of two or more crimes before sentence has been pronounced for either, the judgments and sentences shall run consecutively, unless the judgment and sentence in the second or subsequent conviction shall specifically designate that it shall run concurrently with the judgment and sentence of the first or prior conviction or convictions; and when so specifically stated, it shall run concurrently.

Before the court has jurisdiction to provide that the sentences shall run concurrently, the convictions must have been sustained in both cases before sentence has been pronounced in either. The only authority for concurrent sentences under our law must be derived from sections 3144 and 3145, supra. The power is granted to trial courts on the conditions there named. In all other cases, the sentences are consecutive.

See Ex parte Bell, 34 Okla. Cr. 354, 246 P. 893; Ex parte Hudson, 44 Okla. Cr. 14, 279 P. 711; Ex parte Strader, 37 Okla. Cr. 285, 257 P. 1112; Ex parte Halbert, 45 Okla. Cr. 167, 282 P. 478; Ex parte Gilbert, 52 Okla. Cr. 260, 4 P. 2d 695; In re Johnson, 58 Okla. Cr. 209, 52 P. 2d 107.

Although the petitioner alleges in his petition that he entered his plea of guilty on September 27, 1930, he attaches to his petition and makes a part thereof the journal entry of judgment in connection with his plea of guilty to said charge; and it recites that the plea of guilty was entered on October 1, 1930, which was two days after the judgment and sentence had been pronounced in case No. 2281.

In the case of Ex parte Hudson, supra, this court stated:

"Where any person is convicted of two or more crimes, before sentence is pronounced upon him for either, the trial court, under the provisions of sections 2303 and 2774, Comp. Stat. 1921 [Sections 3144 and 3145, 22 Okla. St. Ann. § 976, 21 Okla. St. Ann. § 61, supra], may provide in the sentences that they shall run concurrently. Where a defendant has been sentenced upon one conviction and a suspension or judicial parole given under the provisions of section 2803, Comp. Stat. 1921 [sec. 3148, O. S. 1931, 22 Okla. St. Ann. 991], and thereafter he is convicted for another offense, and the trial court then revokes the suspension given, the court is without authority to adjudge that the sentences run concurrently."

The district court has shown by his letter to the Governor recommending clemency that he had later learned he was under the erroneous impression as to the law, when he provided the sentence in case No. 2306 could run concurrently with the sentence pronounced in the robbery with firearms case.

This case is different from the Robnett Case for the reason that in the Robnett Case the trial judge and county attorney incorrectly represented to the defendant, who was without counsel, and before his plea of guilty was entered, that the court had the power and authority to provide that said sentences could and would run concurrently; and the petitioner in that case would not have entered his plea of guilty but for the representation and inducement of the trial court and county attorney.

Where the defendant has the benefit of counsel to advise with him as to his rights, the fact that he may be incorrectly advised as to some of his rights will not be sufficient grounds to deprive the court of jurisdiction to render the judgment.

The district judge of Kay county had the correct view of the matter as set forth in his letter to the Governor, in which he stated that the petitioner's only recourse was to seek clemency from the Governor, which the trial judge respectfully recommended. The Governor evidently acting upon the recommendation of the trial court, did issue a parole. If the petitioner was so eager to have his freedom, he could have continued at liberty by abiding by the terms of his parole. Unable to conduct himself as a law-abiding citizen, he was later convicted of another felony, and his parole revoked.

It is not stated in the petition the nature of the last felony conviction, the term of imprisonment pronounced upon his conviction in said case, nor the court in which the conviction was sustained; and it is not stated in the petition as to whether the sentence has been served. For those reasons, if for no other, the demurrer of the Attorney General would have to be sustained; but owing to the fact that certain questions have been raised in this case, which would probably be raised again in another proceeding as quickly as the sentence in the third cause had been served, we have deemed it best to set forth our opinion upon the facts, based upon the assumption that the petitioner had legally served his time under the third conviction.

Since the rendition of this court's opinion in Ex parte Robnett, supra, there have been several similar cases filed in this court. With the exception of the case of Ex parte Pennington, 71 Okla. Cr. 263, 110 P. 2d 923, decided by this court on February 26, 1941, none of those cases were in point with the Robnett Case. The distinctions to be drawn are these: If the petitioner appears with counsel, no statements made by the county attorney in connection with his plea will avail, as he has the benefit of the advice of counsel of his own choosing, and will not be allowed to

take advantage of any statement by the county attorney based upon an erroneous impression of the law. If the prisoner appears without counsel, and after being advised of his right to the assistance of counsel and of his other rights under the statutes and Constitution, and being fully acquainted with these rights, proceeds to waive the same and enters his plea of guilty, and the court in pronouncing sentence feels inclined to extenuate and cover the misdeeds of the defendant with a cloak of charity and erroneously provides in the judgment that the sentence should run concurrently with the sentence pronounced on a former day upon a conviction in another case, then clearly the action of the trial court in inserting this provision in the judgment could not be said to have deprived the defendant of any of his constitutional or statutory rights to the extent that it can be said that the judgment is void; in that case no statement that the sentences would run concurrently is held out to the prisoner as an inducement to procure a plea of guilty. The prisoner's only relief under those circumstances is to apply for executive clemency.

However, if the petitioner appears without counsel, and is illiterate and depends upon the advice of the court for his knowledge of the case, and the court, before the petitioner enters his plea, makes an erroneous representation as to the law, without which erroneous representation the petitioner would not have entered his plea of guilty, then under those circumstances, the petitioner's constitutional rights to be fully advised of the nature of the charge against him and the consequences of his plea have been violated. Ex parte Robnett, supra.

The instant case must be determined under sections 3144 and 3145, supra, and the cases hereinabove cited construing the same. Under the terms of these statutes, the

sentences pronounced in the two cases of petitioner must run consecutively. The demurrer of the respondent is sustained, and the writ denied.

BAREFOOT, P. J., and DOYLE, J., concur.