## In re ORAL DAVIS.

No. A-10546.    July 19, 1944.

(150 P. 2d 367.)

Jack Cecil Wheeler, of Oklahoma City, for petitioner.

George Miskovsky, County Attorney, Oklahoma County, of Oklahoma City, for respondent.

JONES, P. J. This is an original proceeding in habeas corpus wherein the petitioner seeks his release from confinement in the Oklahoma county jail, at Oklahoma City.

The agreed facts upon which this cause was submitted, briefly stated, are as follows:

On May 16, 1943, petitioner, while drunk and fighting, was arrested at a tavern by certain officers of Oklahoma county, and later charged by information filed in the court of common pleas of Oklahoma county with the crime of obstructing an officer. A plea of guilty was entered to this charge, and the defendant was sentenced to serve one year in the county jail. Several months later, while the defendant was a trusty, he walked off from certain work which he had been assigned to perform outside the jail, and was a fugitive for about three weeks. Upon his re-arrest, he was charged by information filed in the court of common pleas of Oklahoma county with the crime of escape from the county jail. Upon arraignment of the defendant, without counsel, he entered a plea of not guilty. Upon the same day, the public defender of Oklahoma county came to defendant's cell and informed him that he had been sent by the trial judge to confer with the defendant, and to tell him that if he would enter his plea of guilty to the charge of escaping from the county jail, that the judge would provide that his sentence commence on November 30, 1943, so that it would terminate with the expiration of his sentence of one year previously pronounced against him on the other charge.

That the defendant was taken before the trial judge, and the trial judge informed him that he had probably been treated too harshly when the sentence on the first charge was pronounced against him, and that he, the trial

judge, had authority and jurisdiction to provide that a sentence upon a plea of guilty to the escape charge should run concurrently with the original charge, and that if he would plead guilty, he would so provide in the judgment and sentence.

The petitioner, relying upon the representations of the trial judge, entered his plea of guilty to the charge of escaping from the county jail, and the trial judge, in accordance with his representation to the defendant, did provide that the sentence commence on November 30, 1943.

The petitioner has fully completed the service of his sentence of one year, pronounced upon the plea of guilty to the charge of obstructing an officer, and has served approximately 60 days upon the six months sentence pronounced against him upon the escape charge. There the sheriff of Oklahoma county refuses to recognize the order of the court directing that the sentence in the second case run concurrently with the sentence in the first case, and is unlawfully detaining said petitioner.

It is admitted by counsel for petitioner and for the respondent that a misrepresentation of the defendant's rights and of the consequences of his plea of guilty was made by the trial judge at the time the sentence in the second case was pronounced against petitioner.

We think the facts in this proceeding are very similar to the facts in the case of Ex parte Robnett, 69 Okla. Cr. 235, 101 P. 2d 645, and the case of Ex parte Pennington, 71 Okla. Cr. 263, 110 P. 2d 923.

In the cases of In re Flowers, 71 Okla. Cr. 330, 111 P. 2d 509; In re Gable, 73 Okla. Cr. 155, 118 P. 2d 1035; Ex parte Doll, 73 Okla. Cr. 34, 117 P. 2d 547, and other cases cited therein, it is held:

"Before the court has jurisdiction to provide that sentences shall run concurrently, the convictions, or pleas of guilty, must have been sustained in both cases before sentence has been pronounced in either."

In Ex parte Robnett, supra, it is stated:

"Where the evidence shows that the county attorney and district judge promised the defendant that if he would plead guilty to a charge then pending against him the judgment and sentence which would be pronounced would run concurrently with a sentence which had theretofore been imposed upon the defendant, but suspended during his good behavior, and which promises were impossible to fulfill by the court for the reason that the court was without authority to provide that said sentences should run concurrently, and where the evidence further shows that the defendant was without the advice of counsel and would not have entered his plea except for the representations made by the trial judge and county attorney, this court on a habeas corpus proceedings may inquire into the proceedings and order the defendant discharged from custody or vacate the judgment and remand the same to the trial court for further proceedings thereon."

In the body of the opinion, it is stated:

"Clearly, if it is the duty of the court to advise the defendant of the consequences of his plea and the court accordingly makes certain promises which cannot lawfully be carried into execution, a plea of guilty thus obtained is contrary to the spirit of the Bill of Rights of our Constitution. The petitioner was young, ignorant, and inexperienced; he had a right to rely upon the representations made to him by the county attorney and concurred in by the trial judge. Under such circumstances it is our opinion that the judgment and sentence pronounced in cause numbered 3596 is null and void, and that the petitioner is unlawfully restrained of his liberty and imprisoned by reason thereof without due process of law."

It is our conclusion, based upon the above authorities, that the judgment pronounced against the petitioner in the escape case is void, and the petitioner is unlawfully restrained of his liberty without due process of law. It therefore follows that the judgment should be vacated, and the proceedings remanded to the trial court, where the defendant may be tried on the merits of said escape case.

It is therefore ordered that the judgment and sentence pronounced in case No. 7239 in the court of common pleas of Oklahoma county be and the same is hereby vacated and set aside.

It is further ordered that the sheriff of Oklahoma county hold the said Oral Davis pending the disposition of the offense alleged against him in said cause No. 7239, in the court of common pleas of Oklahoma county, or until he is otherwise discharged by the making of bail, in accordance with the law as provided in such cases.

BAREFOOT, J., concurs. DOYLE, J., not participating.