Petition of Bobby Gene POTTS and Alton Leon Anders for Writ of Habeas Corpus.

No. A–12340.

Criminal Court of Appeals of Oklahoma.

April 11, 1956.

Joe Stamper, Antlers, for petitioners.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., C. E. Dudley, County Attorney Pushmataha County, Antlers, for respondent.

POWELL, Judge.

Bobby Gene Potts and Alton Leroy Anders have filed their petition in this Court alleging that they are unlawfully restrained of their liberty and unlawfully imprisoned in the Oklahoma State Penitentiary at McAlester. They seek release by way of a writ of habeas corpus.

The certified copy of the sentence entered by the district court of Pushmataha County is dated February 29, 1956 and sets out that the petitioners were each sentenced to four years imprisonment for the crime of burglary, second degree, along with one Walter Frank Elmore. A certified copy of the complaint filed in a justice of the peace court of Antlers is dated February 28, 1956, and was transcribed to the district court of Pushmataha County the same day.

It is alleged that the petitioners are each 16 years of age, and are residents of Dallas, Texas. Both boys are from broken homes, and each has quit school, and they have not worked regularly.

Petitioners allege that they were riding in a car with an older youth when arrested by a deputy sheriff of Pushmataha County near the town of Albion, in said county; that they were immediately taken to Antlers, placed in the county jail and the following day were sentenced, as heretofore recited. The day after sentence they were transported to and incarcerated in the State Penitentiary, where they are held at this time.

Petitioners entered pleas of guilty to the crime charged, but they allege that they were not represented by counsel, and that the court did not advise them of their constitutional rights, and that they were unaware that they were entitled to be represented by state-appointed counsel. They assert that the sheriff advised them that they had the right to employ counsel, but that they had no funds and were unable to employ counsel without money, and that for such reason and because of their inexperience and of the fright they were suffering at the time of their alleged sentence, they were incompetent to enter pleas of guilty and that under such circumstances the court had no jurisdiction to sentence or try them, and that the court was not a competent court, and that they have been deprived of their liberty without due process of law, etc.

Also attached to the petition are detailed affidavits from the petitioners, and a transscript of proceedings had in the district court of Pushmataha County on March 14, 1956 wherein counsel for petitioners attempted to have their purported sentences set aside, which attempt was unsuccessful.

Petitioners' mothers testified, as did Ben Potts of Durant, Oklahoma, grandfather of Bobby Gene Potts; and L. F. Ammons, pastor of the Assembly of God Church at Durant, an uncle of Alton Leon Anders. They testified to learning of the arrest of the minors through newscasts and coming to Antlers in an effort to secure for them a trial.

Counsel made inquiry of the court as to what happened at the time of the sentencing of the boys. The court did not remember the details of the sentencing—just the sentencing. The county attorney did not recall whether the judge advised the prisoners that they were entitled to be represented by counsel or not. Kenneth Lawson, a local attorney, who was present in court at the time of the sentencing, stated:

> "The boys were lined up and asked if that was their names, and they said it was their names, and the court said, 'Are you ready to plead?' and they said yes, then his Honor said, 'Unless I am advised to the contrary, I assume that you have been advised of your Constitutional rights.' That is in substance of what your Honor said, and entered their plea of guilty. I don't remember the time they were given, but it seems to me it was three years.
>
> "By Mr. Dudley [County Attorney] For your information I will state it was four years."

The court overruled the motion to set aside the judgment entered, and to grant a new trial.

The petition for writ of habeas corpus was filed in this Court on March 22, 1956, and rule to show cause was immediately issued, and receipt was acknowledged by the Warden, although the Attorney General has not responded for the Warden. However, when this matter came on for hearing on April 9, 1956 the State was represented by Hon. C. E. Dudley, County Attorney of Pushmataha County, and Hon. Sam H. Lattimore, Assistant Attorney General.

There was filed on behalf of the State an affidavit of Sherman Coley, the arresting officer, who detailed the arrest and confessions of the petitioners.

We do not feel called upon to go into a detailed discussion of the law concerning the situation as here presented. This Court has previously treated the questions raised by similar fact situations at some length in a number of cases. The law in this jurisdiction concerning the question now before us is well settled. See, among a long line of cases: Ex parte Cook, 84 Okl.Cr. 404, 183 P.2d 595; Ex parte Cornell, 87 Okl.Cr. 2, 193 P.2d 904; Ex parte Barnett, 67 Okl. Cr. 300, 94 P.2d 18; Ex parte Robnett, 69 Okl.Cr. 235, 101 P.2d 645; Ex parte Meadows, 70 Okl.Cr. 304, 106 P.2d 139, 141; Ex parte Pennington, 71 Okl.Cr. 263, 110 P.2d 923, and 149 A.L.R. 1403, note.

As an example of where an accused was held to have waived his right to be represented by counsel, Ex parte Tucker, 91 Okl.Cr. 391, 219 P.2d 245.

It is our conclusion that the fact that the sheriff, before petitioners were brought before the court for arraignment, told them that they were entitled to employ counsel, that such information was not sufficient but that it was the duty of the trial court when the petitioners were brought before him to not only advise them that they were entitled to be represented by counsel, but in view of the fact that the petitioners were minors, to have made further inquiry as to the ability of their parents or guardians to employ counsel, and if such minors could not procure counsel, it was the duty of the court to appoint some member of the bar to represent petitioners. See Ex parte Cook, supra, 183 P.2d at pages 599-601, for reasons. Herein relatives of the petitioners on learning by newscasts of the trouble the minors had gotten into employed counsel, but the petitioners were already on their way to the penitentiary.

It is ordered that the judgment and sentence of the district court of Pushmataha County, in case No. 1934 be and the same is hereby vacated and set aside, and that all other proceedings in said court subsequent to the filing of the information therein, be and the same are hereby vacated and set aside, and the cause is remanded to the district court of Pushmataha County with instructions to appoint counsel to represent petitioners, if they are not represented by counsel upon their re-arraignment in the district court.

It is further ordered that the writ of habeas corpus be issued and the Warden of the State Penitentiary at McAlester is hereby commanded forthwith to deliver the petitioners, Bobby Gene Potts and Alton Leon Anders, to the custody of the Sheriff of Pushmataha County, who is directed to hold the said Bobby Gene Potts and Alton Leon Anders pending the disposition of the charge filed against them in case No. 1934 in the district court of Pushmataha County, or until they are otherwise discharged according to law.

JONES, P. J., and BRETT, J., concur.