**Application of A. R. NEITCH for Writ of Habeas Corpus.**

**No. A–12921.**

Court of Criminal Appeals of Oklahoma.

Sept. 21, 1960.

A. R. Neitch, petitioner, pro se.

Mac Q. Williamson, Atty. Gen., Owen J. Watts, Asst. Atty. Gen., for respondent.

BRETT, Judge.

This is an original petition in habeas corpus brought by A. R. Neitch, wherein he seeks release from the penitentiary by rea-son of certain judgments and sentences. He alleges that he was sentenced in the District Court of Carter County, Oklahoma, on March 23rd, 1954, to a term of 5 years in the penitentiary for the crime of second degree burglary, in case number 5211, all of which was suspended during good behavior. He further alleges that he was thereafter sentenced in the District Court of Carter County, Oklahoma, on September 14th, 1956, to a term of 5 years in the penitentiary for burglary in the second degree, it being adjudged said second sentence to run concurrently with the former sentence entered on March 23, 1954. He alleges that he has served the first sentence imposed in 1954, but the warden refuses to release him from the penitentiary for the reason that under the decisions of this court the attempt to make the second sentence run concurrently is invalid and void.

To this petition the State responded alleging in substance the foregoing facts and demurred to the petition for the reason that it fails to state a cause of action entitling the defendant to his release until he has completed the serving of the second sentence, which the District Court of Carter County was without authority of law to make run concurrently.

■ Under the prior decisions of this court the trial court had no authority to make the sentences rendered at different terms of court run concurrently. In re Johnson, 58 Okl.Cr. 209, 52 P.2d 107, 108. In point herewith it was said:

"It is disclosed by the pleadings that the petitioner was sentenced in No. 2137, on the 3d day of December, 1932, and was sentenced in No. 2138 and 2139, on the 24th day of December, 1932, more than three weeks after his sentence was imposed in No. 2137. Therefore, the district court was without jurisdiction when it imposed a sentence on the petitioner in Nos. 2138 and 2139, and ordered the sentence to run concurrently with the sentence in No. 2137. Under the provisions of our

statute, and the decisions of this court, it is only where a party has been convicted of two or more crimes and has not been sentenced that the court may provide that the sentences in the cases run concurrently. Ex parte Strader, 37 Okla.Cr. 285, 257 Pac. 1112; Ex parte Halbert, 45 Okla.Cr. 167, 282 Pac. 478; Ex parte Bell, 34 Okla.Cr. 354, 246 Pac. 893.

"The sentence in No. 2137 has been fully served, and the petitioner is now serving on the concurrent sentences of five years in No. 2138 and No. 2139, and has been since the 18th day of September, 1935, and is not entitled to be discharged until he has served the additional time as provided in the sentences in Nos. 2138 and 2139.

"The petitioner has failed to show he is entitled to the relief prayed for. The writ is denied."

See also Ex parte Ward, 97 Okl.Cr. 60, 257 P.2d 1099; In re Flowers, 71 Okl.Cr. 330, 111 P.2d 509, also clearly in point with the situation herein involved, as well as Ex parte Hudson, 44 Okl.Cr. 14, 279 P. 711, the syllabus thereof being as follows:

"Where any person is convicted of two or more crimes, before sentence is pronounced upon him for either, the trial court, under the provisions of sections 2303 and 2774, Comp.Stat. 1921, may provide in the sentences that they shall run concurrently. Where a defendant has been sentenced upon one conviction and a suspension or judicial parole given under the provisions of section 2803, Comp.Stat.1921, and thereafter he is convicted for another offense, and the trial court then revokes the suspension given, the court is without authority to adjudge that the sentences run concurrently."

The petition fails to state a cause of action under the law; therefore the demurrer is sustained and the petition dismissed.

POWELL, P. J., and NIX, J., concur.