Everett J. FULCE, #62434, Petitioner,

v.

Ray H. PAGE, Warden, Oklahoma State Penitentiary, Respondent.

No. A-14313.

Court of Criminal Appeals of Oklahoma.

Sept. 27, 1967.

Everett J. Fulce, petitioner, pro se.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

BRETT, Judge:

Everett J. Fulce has filed a petition for writ of habeas corpus in this Court.

Petitioner alleges that he was sentenced to serve thirteen years in the state penitentiary by the district court of Tulsa County on June 16, 1959, on a jury conviction for burglary in the second degree, after former conviction of a felony, with the Honorable W. Lee Johnson, district judge, presiding. Later, on September 10, 1959, after a jury trial, he was sentenced to serve ten years on another conviction for the crime of larceny of an automobile, after former conviction of felony, in the district court of Tulsa County, with the

Honorable Raymond W. Graham, district judge, presiding. The second conviction was for an entirely separate and distinct criminal offense in another term of court.

Petitioner's only contention is that he has completed the service of both sentences. He further states that he was represented by counsel throughout both of his trials. His first trial occurred in the January term of court, and the second occurred during the July term of court.

The Attorney General has filed a demurrer to this petition, alleging that it appears from the face of the petition that petitioner grounds his application for release on the belief that his two sentences were to run concurrently, since each of the judgments and sentences stated that they were to begin from the date of delivery to the warden of the state penitentiary.

 Under the provisions of the Oklahoma Statutes, 21 O.S.A. § 61, the district court of Tulsa County was without authority to order the two penitentiary sentences to run concurrently, under the facts and circumstances of petitioner's cases. Insofar at the thirteen-year prison sentence was rendered June 16, 1959, and the ten-year sentence was rendered September 10, 1959, the trial court was without authority to assess them to run concurrently, as petitioner imagines.

Title 21 O.S.A. § 61, provides:

"When any person is convicted of two or more crimes before sentence has been pronounced upon him for either, the imprisonment to which he is sentenced upon the second or other subsequent conviction, must commence at the termination of the first term of imprisonment to which he shall be adjudged, or at the termination of the second or other subsequent term of imprisonment, as the case may be."

 This Court has held that where there are two or more convictions and judgments thereon, accused should be incarcerated upon the first conviction under which he was delivered and imprisoned for the time therein named; and at the end of that period of time, imprisonment should commence upon the second conviction, or term, in like manner. Likewise, this Court has held that when two or more judgments and sentences are imposed by a court with authority to assess said judgments and sentences to run concurrently, that unless such provision is specifically included in the judgment and sentence, that they shall run consecutively. See: Bearden v. State, Okl. Cr., 392 P.2d 55; In re Richardson, Okl. Cr.App., 346 P.2d 954; In re Flowers, 71 Okl.Cr. 330, 111 P.2d 509; Ex parte Halbert, 45 Okl.Cr. 167, 282 P. 478; In re Davis, 78 Okl.Cr. 444, 150 P.2d 367; Ex parte Bell, 34 Okl.Cr. 354, 246 P. 893.

It being evident that the sentences in petitioner's two cases have not been satisfied, the demurrer of the Attorney General is sustained, and the petition is dismissed.

NIX, P. J., and BUSSEY, J., concur.