### In re Habeas Corpus of Douglas Arvel SNOW.

### No. A–15447.

Court of Criminal Appeals of Oklahoma.

Dec. 16, 1970.

John D. Harris, Tulsa, for petitioner.

G. T. Blankenship, Atty. Gen., Robert D. McDonald, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BRETT, Presiding Judge.

This is an original proceeding in Habeas Corpus by petitioner, Douglas Arvel Snow.

Petitioner asserts that he is unlawfully restrained of his liberty at the state penitentiary; that the officials of the penitentiary will not honor the "concurrent provision" for his sentences in two cases in which he was convicted in the District Court of Tulsa County.

Petitioner asserts that in case no. 22,484 he was sentenced May 23, 1968, to serve a term of four [4] years for the crime of Uttering a Forged Instrument; and on the same day he was sentenced in case no. 23,255, to serve a term of two [2] to six [6] years for the crime of Burglary of a Parking Meter, AFCF; and that the two sentences were ordered to be served concurrently.

The Attorney General attached a copy of each "Judgment and Sentence" to his response. Judgment and Sentence was imposed in the first case no. 22, 484, on a plea of guilty, and on April 12, 1967, the court ordered one year to be served and the remaining three years to be suspended on conditions listed. The first of those conditions provided that petitioner shall not violate any law.

The second Judgment and Sentence imposed in case no. 23,255, dated May 8, 1968, imposed one year later, contains the following typewritten notation, to-wit:

"Date corrected November 20, 1968, to show true and correct date of May 23, 1968. And 'case to run concurrently with case #22484,' signed S. J. Clendinning, District Judge."

That instrument sentenced petitioner to the custody of the State Department of Corrections for a term of two [2] to six [6] years for the crime of Burglary of a Parking Meter, AFCF.

21 O.S.1961, § 61 provides the following:

"When any person is convicted of two or more crimes before sentence has been pronounced upon him for either, the imprisonment to which he is sentenced upon the second or other subsequent conviction, must commence at the termination of the first term of imprisonment to which he shall be adjudged, or at the termination of the second or other subsequent term of imprisonment, as the case may be."

22 O.S.1961, § 976, provides further:

"If the defendant have been convicted of two or more offenses, before judgment on either, the judgment may be that the imprisonment upon any one may commence at the expiration of the imprisonment upon any other of the offenses."

In Ex parte Hudson, 44 Okl.Cr. 14, 279 P. 711 [1929], this Court passed directly upon the question presented by the petitioner. There the Court said:

Trial court, on revoking suspended sentence or judicial parole on conviction of another offense, cannot adjudge that sentences run concurrently.

We hold that petitioner's first sentence was imposed on April 12, 1967, a year prior to the date his suspended sentence was revoked on May 23, 1968; and sentence was imposed on his second conviction on May 8, 1968, and the "correction notation" typed on the Judgment and Sentence is of no effect. Under the Oklahoma Statutes the two judgments and sentences could not be made to run concurrently. Writ Denied.

Petitioner, Douglas Arvel Snow, was convicted for Uttering a Forged Instrument and sentenced April 12, 1967, with provisions for part of sentence suspended; during the suspension he was convicted for Burglary of a Parking Meter, AFCF, and was sentenced on May 8, 1968, when trial court provided Revocation of Suspension and subsequent sentence on conviction would run concurrently.

NIX, J., concurs.

BUSSEY, J., not participating.