Ex parte DELBERT RANDLE CORNELL.

No. A-11021.  May 19, 1948.

(193 P. 2d 904.)

4

Cobb, Hill & Godfrey, of Oklahoma City, and John W. Tyree, of Lawton, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, J. This is an original action in habeas corpus instituted by the petitioner, Delbert Randle Cornell, to secure his release from confinement in the State Penitentiary.

The verified petition alleges that the petitioner was charged by an information filed in the district court of Grady county, with the crime of murder on February 21, 1947; that on the same date he was arraigned before the

said district court, and entered his plea of guilty to said charge, and was immediately sentenced to serve a term of life imprisonment in the State Penitentiary.

The petition further alleged that at the time of the commission of the alleged homicide, the accused was sixteen years of age, and was only seventeen years of age at the time of his arraignment and plea before the district court; that the petitioner was without counsel and did not have counsel to advise with him or represent him before the district court, and was not advised by the court that he could have counsel to represent him, and that the state would pay the cost of such counsel if the accused was without funds to do so; that petitioner had never gone beyond the eighth grade in school; had never been in court before his arraignment; was wholly ignorant of the workings of the law; that he was not served with a copy of the information nor a list of the witnesses two days before his arraignment; and that said petitioner being a minor of the age of seventeen years, was wholly incompetent to waive any of his fundamental constitutional and statutory rights; and that by reason thereof, the court was without jurisdiction to pronounce sentence upon the plea of guilty allegedly entered by the petitioner, and that said judgment should be vacated and the petitioner discharged from imprisonment.

In the response filed on behalf of the warden of the State Penitentiary, it was alleged that he was holding petitioner pursuant to a judgment and sentence pronounced by the district court of Grady county, on February 21, 1947, wherein said petitioner was sentenced to serve a term of life imprisonment in said penitentiary on a plea of guilty entered by him for the crime of murder; that the said petitioner had freely and voluntarily signed a complete and detailed confession of his commission

of a brutal murder; that he was advised by the Honorable L. A. Wood, judge of the district court of Grady county, of all of his rights upon his arraignment before said court on February 21, 1947; that defendant's plea was entered at a time when the courtroom was full of jurors, witnesses, lawyers, and other people; that after the defendant's rights had been fully discussed with the defendant, he voluntarily waived his right to counsel, waived time within which to plead, and asked the court to pronounce sentence immediately.

At the hearing before this court, testimony was presented on behalf of the petitioner and also in support of the response. The petitioner swore that he had never been in court before he was charged with this crime; that he was never given opportunity to discuss the alleged crime with his parents nor with any other person except the officials of Grady county; that upon his arraignment he was not informed of his right to counsel, but that he entered a plea of guilty as a result of a verbal understanding made to him by the county attorney, that if he would enter a plea of guilty he would not receive over ten years in the State Penitentiary.

The petitioner's aunt and uncle testified that they lived at Lawton; that they heard of the arrest of the petitioner and together with the boy's grandfather they came to the county jail at Chickasha to converse with him and advise him they had employed a lawyer to look after his interest; that when they arrived at the courthouse they were refused permission to talk with the accused; that later the assistant county attorney told them that they could see him for a few minutes but not to discuss the case with him; that thereafter the three of them talked to Delbert Cornell in the presence of the jailer; that they started to mention the case but the jailer stopped them

and told them not to advise him nor talk to him any at all about the case; that they had employed John Tyree of Lawton to represent Delbert, and that when they talked to the assistant county attorney, he told them that he would not have a hearing before a couple of weeks; that they then told the county attorney that they would go back home and tell Mr. Tyree what had occurred and would then bring him and come back to Chickasha; that all of these things occurred on Thursday before the arraignment and sentence of the accused on Friday. They further testified that the mother of the accused was living in Lawton; but that because of her health she was unable to go with them to Chickasha to see her son; they also testified that the petitioner was sixteen years of age at the time of the commission of the alleged crime and was only seventeen at the time of his arraignment and plea. They further testified that when they left the sheriff's office, they gave the sheriff their telephone number and address, and asked him to notify them if anything turned up on the case, but that they were never notified by the sheriff's office that defendant was about to be arraigned nor were they later notified that he had entered his plea of guilty.

The minutes of the court proceeding at the time of arraignment of the accused read:

"Feb. 21, 1947

"The defendant was arraigned and admonished as to his rights, and entered his plea of guilty. He was asked by the Court if there was any reason why judgment and sentence should not be pronounced against him, and he giving no reason in bar thereof, the Court sentenced the defendant to Life in the State Penitentiary at McAlester, Oklahoma, for the crime of murder in the first degree."

8

On behalf of the respondent there was introduced in evidence the typed, signed confession of the accused, Delbert Randle Cornell, which the county attorney swore was given to him freely and voluntarily after the accused had been fully advised of all of his rights. In this confession the defendant admitted killing the deceased with a rifle for the purpose of taking his money. The county attorney and district judge each testified that upon arraignment of the defendant in the district court, the district judge first inquired of the defendant as to his age and was told by the defendant that he was seventeen years of age; that the district judge then told the defendant that he had a right to be represented by counsel and that if he was unable to employ counsel, the district judge would appoint one for him; that he was advised of his right to additional time to plead but defendant told the judge that he did not desire that an attorney be appointed to represent him; that he wanted to waive his time in which to plead and enter his plea at that time; that the district judge then asked the defendant what his plea was and the defendant replied "guilty." The district judge then asked the defendant if he understood that upon a plea of guilty to a charge of murder there were only two sentences which could be imposed: one of life imprisonment at hard labor in the State Penitentiary, and the other was death in the electric chair, and the defendant answered that he understood that to be correct, and the judge then inquired of the defendant whether he still wanted to enter a plea of guilty to said charge, to which the defendant replied, "Yes." The district judge then asked the county attorney for a recommendation and the county attorney stated that owing to the age of defendant, he would recommend life imprisonment as his punishment; that the county attorney at that time handed

to the district judge a five page typewritten statement signed by defendant giving the facts in the case; that the judge asked the defendant if he had signed the statement and defendant said that he had and that it was his free and voluntary statement, and that the facts therein set forth were true; that thereupon the court sentenced the accused to a term of life imprisonment in the State Penitentiary.

We are convinced and find from the evidence that at the time of the arraignment of the accused, he was fully advised as to all of his constitutional and statutory rights.

This proceeding then resolves into the question as to whether, as a necessary requisite of due process of law, the trial court should have appointed counsel to advise with the accused and represent him where it is affirmatively shown that the accused is a minor only seventeen years of age who had never before been in a court-room and was charged with a capital offense. Our answer to this question is in the affirmative. We have had occasion to discuss a similar question in the recent case of Ex parte Cook, 84 Okla. Cr. 404, 183 P. 2d 595, 596.

The syllabus of that case sets forth the rules of law which guide this court in determining the issues presented in the instant case. These rules are as follows:

"Under Bill of Rights (Art. 2, § 20, Okla. Const.) an accused has the right to consult with counsel and to be fully advised as to his rights and as to the consequences of his act before entering his plea to the indictment or information.

"A plea of guilty should be entirely voluntary, and should be made by one competent to know the consequences thereof, and should not be accepted until after

the defendant has been fully advised by the court of his rights and the consequences of his plea.

"When a person is held in custody under a void order of commitment, or is imprisoned without due process of law under the sentence of any court of the state, it is not only within the authority of this court but it is its duty upon habeas corpus to inquire into the illegality of the commitment when the matter is properly brought before it by petition, and if it be adjudged that the order of commitment was made without authority of law, the person will be entitled to a discharge from custody in order to preserve the constitutional right of all persons not to be deprived of liberty without due process of law.

"A person prosecuted for a crime may waive the rights guaranteed to him by Bill of Rights, relating to trial by jury, right to be heard by counsel, etc.

"Courts indulge every reasonable presumption against a waiver of fundamental constitutional rights, and do not presume acquiescence in their loss.

"Whether one accused of crime has waived his right to the assistance of counsel for his defense must depend in each case upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.

"Habeas corpus is an available remedy to one who has, without having effectively waived his constitutional right to the assistance of counsel, been convicted and sentenced and to whom expiration of time has rendered relief by an application for a new trial or by appeal unavailable.

"One charged with crime is as much entitled to assistance of counsel in preparing for trial as at the trial itself.

"In a felony case, where the defendant is unable to employ counsel and is incapable adequately of making

his own defense because of ignorance, feeble-mindedness, illiteracy, or the like, it is the duty of the court, whether requested or not, to assign counsel for him as a necessary requisite of due process of law.

"A judgment of conviction of one who did not effectively waive his constitutional right to the assistance of counsel for his defense is void as having been rendered without jurisdiction.

"Where the accused is young, illiterate, and inexperienced in court proceedings, and charged with felony, the court should proceed with caution. The caution to be exercised depends upon the age and experience of the accused and the gravity of the offense charged.

"A judgment and sentence to the maximum term of imprisonment in the State Penitentiary on plea of guilty to burglary, by uneducated, illiterate, and inexperienced youth, seventeen years of age, will be vacated and set aside where record discloses that upon day accused was arrested he was arraigned in District Court without counsel and sentenced less than an hour after his arraignment before a Justice of Peace, and record further discloses that parents of accused, who lived in county, did not learn of his arrest until after he was sentenced to penitentiary. Under circumstances there was not an intelligent waiver of the constitutional rights of the accused and court should have appointed counsel to represent the accused as a necessary requisite of due process of law before accepting a plea to the felony charge filed against him.

"Where questions raised in habeas corpus petition for release from penitentiary concern denial of some of petitioner's statutory or constitutional rights in connection with his arraignment and pronouncement of judgment and sentence against him, proceedings after filing of information in district court should be vacated, but petitioner should be remanded to such court and proceeded against therein as if never arraigned on such informa-

tion, instead of being unqualifiedly discharged from incarceration."

In that case the petitioner, Cook, who was seventeen years of age, had been sentenced to serve a term of seven years imprisonment in the penitentiary on a plea of guilty to the charge of burglary in the second degree. Cook had been involved in trouble before and there was no dispute but what the district court at the time of the arraignment of the accused had advised him of all of his rights the same as was done in the instant case by Judge Wood. In disposing of the question as to whether a minor defendant of the age of seventeen years could effectively waive his rights to the assistance of counsel, this court stated:

"The right of one accused of crime to the assistance of counsel in the preparation of his defense has long been regarded in this country as essential to the due administration of justice in criminal cases. Our Constitution, Art. 2, § 20, Okla. Const., provides that in all criminal prosecution the accused 'shall have the right to be heard by himself and counsel.'

"Our code of criminal procedure provides: 'If the defendant appear for arraignment, without counsel, he must be informed by the court that it is his right to have counsel before being arraigned, and must be asked if he desire the aid of counsel. If he desires, and is unable to employ counsel, the court must assign counsel to defend him.' 22 O. S. 1941 § 464.

"In Polk v. State, 26 Okla. Cr. 283, 224 P. 194, it was held: 'Under our laws every person accused of felony is entitled to aid of counsel at every stage of the proceedings, whether imprisoned or admitted to bail, and refusal of opportunity to procure such counsel amounts to a deprivation of a right essential to his safety.'

"In the case of Ex parte Meadows, 70 Okla Cr. 304, 106 P. 2d 139, 141, this court adopted the following provisions of law as shown by the syllabus:

" 'Under bill of rights, sec. 20, Okla. St. Ann. Const., an accused has the right to consult with counsel and to be fully advised as to his rights, and as to the consequences of his act before entering his plea to the indictment or information.'

" 'A plea of guilty should be entirely voluntary, and should be made by one competent to know the consequences thereof, and should not be accepted until after the defendant has been fully advised by the court of his rights and the consequences of his plea.' * * *

" 'Where the accused is young, illiterate, and inexperienced in court proceedings, and charged with a felony, the court should proceed with caution. The caution to be exercised depends upon the gravity of the offense charged.'

"In the case of In re Stevens, 81 Okla. Cr. 65, 160 P. 2d 415, 418, it is stated in the body of the opinion: 'In Ex parte Meadows, supra, and Ex parte Barnett, 67 Okla. Cr. 300, 94 P. 2d 18, this court followed the opinion of the Supreme Court of the United States in the case of Johnson v. Zerbst, 304 U. S. 458, 58 S. Ct. 1019, 1024, 82 L. Ed. 1461, 146 A. L. R. 357, in which it is stated: "When this right (to counsel) is properly waived, the assistance of counsel is no longer a necessary element of the court's jurisdiction to proceed to conviction and sentence. If the accused, however, is not represented by counsel and has not competently and intelligently waived his constitutional right, the Sixth Amendment stands as a jurisdictional bar to a valid conviction and sentence depriving him of his life or his liberty. A court's jurisdiction at the beginning of the trial may be lost 'in the course of the proceedings' due to failure to complete the court—as the Sixth Amendment requires—by providing counsel for an accused who is unable to obtain counsel, who has not intelligently waived this constitutional guar-

anty, and whose life or liberty is at stake. If this requirement of the Sixth Amendment is not complied with, the court no longer has jurisdiction to proceed. The judgment of conviction pronounced by a court without jurisdiction is void, and one imprisoned thereunder may obtain release by habeas corpus. A judge of the United States—to whom a petition for habeas corpus is addressed—should be alert to examine 'the facts for himself when if true as alleged they make the trial absolutely void.' " See, also, in this connection, Mullen v. State, 28 Okla. Cr. 218, 230 P. 285; Goben v. State, 20 Okla. Cr. 220, 201 P. 812; Ex parte Robnett, 69 Okla. Cr. 235, 101 P. 2d 645.' * * *

"It is our conclusion that because of the youthfulness, illiteracy and inexperience of the petitioner, and the fact he was charged with a serious crime was sufficient to require the court as a necessary requisite of due process · of law to appoint counsel for him, even though petitioner did not ask for aid of counsel. Although a trial court upon arraignmeent of one accused of crime might tell the defendant of his various rights under the law, such talk is meaningless if the person accused is so youthful, ignorant and inexperienced in court proceedings that he does not understand all the court means or the nature and consequences of the proceedings through which he is passing. In Oklahoma, a person may not in a civil suit take a judgment against a minor without the appointment of a guardian ad litem. Certainly, if the law protects the accused in his property rights in a civil case to that extent, then as equally a solemn duty should be imposed upon the court when a minor defendant is brought before him accused of a felony where his life and liberty are likely to be taken." ·

We have had many cases involving similar questions to those here presented and we have never held that a minor defendant may not waive his right to counsel in a criminal case, but we have stated repeatedly that the trial court should be extremely cautious in receiving a

plea in a criminal case from a minor defendant where he appears without counsel and attempts to waive his right to counsel, and that in such cases where the youth is seeking to plead guilty without the benefit of counsel, that the plea should not be received until the parents or guardian of the youth have been notified and had an opportunity to determine what should be done if anything for the defendant. These conclusions of ours apply to the ordinary criminal case. This is the first time we have had a habeas corpus proceeding where a minor defendant was sentenced on a murder charge without being represented by counsel. It is our opinion that in a capital case where the accused is youthful and inexperienced, the court should appoint counsel to represent him before receiving his plea as a necessary requisite of due process of law, and that this appointment of counsel should be made and further arraignment of the accused delayed until counsel has had time to fully advise with the accused concerning the charge against him. This appointment of counsel should be made even though the youthful offender states that he does not desire counsel.

It is our judgment that the district court of Grady county lost jurisdiction to pronounce judgment against the petitioner, Delbert Randle Cornell, by his failure to complete the court by appointing counsel to represent petitioner before the plea was entered and that therefore the judgment and sentence pronounced against the petitioner was void.

It is therefore ordered that the judgment and sentence filed against the petitioner, Delbert Randle Cornell, in case No. 3604 in the district court of Grady county and all of the proceeding of the said court in said cause

**16**

subsequent to the filing of the information therein be and the same are hereby vacated and set aside.

It is further ordered that the writ of habeas corpus be issued and the warden of the State Penitentiary at McAlester is hereby ordered to deliver the petitioner, Delbert Randle Cornell, to the custody of the sheriff of Grady county.

It is further ordered that the sheriff of Grady county detain in custody the said Delbert Randle Cornell pending the trial or other disposition of the charge filed against him in case No. 3604 in the district court of Grady county as provided by law in such cases.

BAREFOOT, P. J., and BRETT, J., concur.