## Ex parte STAPLETON et al.

No. A-11610. July 25, 1951.

(234 P. 2d 931.)

S. E. McDonald, Oklahoma City, for petitioners.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for respondent.

BRETT, P. J. This is an original petition in habeas corpus brought by William Stapleton, Jr., by William Stapleton, Sr., as Father and Next Friend, and Clifford Rodgers, by Walter Jones, as Father and Next Friend, wherein it is alleged that they are being unlawfully restrained of their liberty by the

warden of the reformatory at Granite, Oklahoma. They allege in substance the cause of the restraint is a certain judgment and sentence made and entered against them on the 5th day of June, 1951, on a charge of second degree burglary, in the district court of Sequoyah county, Oklahoma. Petitioners entered a plea of guilty to said crime of second degree burglary, and were sentenced to a term of two years in the Reformatory at Granite, Oklahoma. It appears from said petition and by stipulation of the county attorney Mr. Fred Campbell and the Attorney General made and entered herein that the petitioners were not provided the aid of counsel. It appears that William Stapleton, Jr., at said time was of the age of 16 years and Clifford Rodgers was of the age of 17 years. These facts are uncontroverted in the state's response. Both of the petitioners were inexperienced and without advice as to their rights. Moreover, the case was handled so expeditiously that their parents were unable to make arrangements for bond and counsel, before the petitioners were delivered to the warden. In Ex parte Cornell, 87 Okla. Cr. 2, 193 P. 2d 904, 910, we said:

"Where the accused is young, illiterate, and inexperienced in court proceedings, and charged with felony, the court should proceed with caution. The caution to be exercised depends upon the age and experience of the accused and the gravity of the offense charged."

Moreover therein we said:

"In a felony case, where the defendant is unable to employ counsel and is incapable adequately of making his own defense because of immature youthfulness, ignorance, feeblemindedness, illiteracy, or the like, it is the duty of the court, whether requested or not, to assign counsel for him as a necessary requisite of due process of law."

Therein this court cited Ex parte Cook, 84 Okla. Cr. 404, 183 P. 2d 595, 596, wherein after stating the law relative to an accused's rights under the Bill of Rights, art. II, § 20, Oklahoma Constitution, the accused's right to waive counsel and the conditions under which such waiver may be accepted by the court, it was said:

" 'A judgment and sentence to the maximum term of imprisonment in the State Penitentiary on plea of guilty to burglary, by uneducated, illiterate, and inexperienced youth, seventeen years of age, will be vacated and set aside where record discloses that upon day accused was arrested he was arraigned in District Court without counsel and sentenced less than an hour after his arraignment before a Justice of Peace, and record further discloses that parents of accused, who lived in county, did not learn of his arrest until after he was sentenced to penitentiary. Under circumstances there was not an intelligent waiver of the constitutional rights of the accused and court should have appointed counsel to represent the accused as a necessary requisite of due process of law before accepting a plea to the felony charge filed against him.

" 'Where questions raised in habeas corpus petition for release from penitentiary concern denial of some of petitioner's statutory or constitutional rights in connection with his arraignment and pronouncement of judgment and sentence against him, proceedings after filing of information in district court should be vacated, but petitioner should be remanded to such court and proceeded against therein as if never arraigned on such information, instead of being unqualifiedly discharged from incarceration.' "

It is conceded herein that the trial court did not appoint counsel for these 16 and 17 year old petitioners. It also appears herein that the petitioners' father and mother were not accorded the opportunity to make arrangements for the petitioners' bond and defense. The Cook case and the instant case bear marked similarity. We can only conclude that the petitioners herein were not accorded aid of counsel, a requisite to due process of law, and the writ must

be granted. Having reached this conclusion it is well we recall that, in Ex parte Cornell, supra, it was further said:

"It is our judgment that the District Court of Grady County lost jurisdiction to pronounce judgment against the petitioner, Delbert Randle Cornell, by his failure to complete the court by appointing counsel to represent petitioner before the plea was entered and that therefore the judgment and sentence pronounced against the petitioner was void.

"It is therefore ordered that the judgment and sentence filed against the petitioner, Delbert Randle Cornell, in case No. 3604 in the District Court of Grady county and all of the proceeding of the said court in said cause subsequent to the filing of the information therein be and the same are hereby vacated and set aside.

"It is further ordered that the writ of habeas corpus be issued and the warden of the State Penitentiary at McAlester is hereby ordered to deliver the petitioner, Delbert Randle Cornell, to the custody of the Sheriff of Grady County.

"It is further ordered that the Sheriff of Grady County detain in custody the said Delbert Randle Cornell pending the trial or other disposition of the charge filed against him in case No. 3604 in the District Court of Grady County as provided by law in such cases."

It is therefore the opinion of this court that in the instant case as in Ex parte Cornell, supra, the district court of Sequoyah county lost jurisdiction to prounounce judgment, against the petitioners William Stapleton. Jr., and Clifford Rodgers, by its failure to complete the court by appointing counsel to represent said petitioners before the plea was entered and that therefore the judgment and sentence pronounced against the petitioners was void. It is therefore ordered herein that the judgment and sentence filed against petitioners William Stapleton, Jr., and Clifford Rodgers in case No. 3528 in the district court of Sequoyah county, and all the proceedings of said court in said cause subsequent to the filing of the information therein be and the same are hereby vacated and set aside. It is further ordered that the writ of habeas corpus be issued herein to the warden of the State Reformatory. at Granite, Oklahoma, and he is hereby ordered to deliver the said petitioners William Stapleton, Jr., and Clifford Rodgers into the custody of the sheriff of Sequoyah county, Oklahoma, who is hereby ordered and directed to detain in his custody the said William Stapleton, Jr., and Clifford Rodgers pending the trial or other disposition of the charge filed against said petitioners in case No. 3528 in the district court of Sequoyah county as provided by law in such cases.

JONES and POWELL, JJ., concur.