In the Matter of the Application of Burford McDANIEL for Writ of Habeas Corpus.
No. A–12388.

Criminal Court of Appeals of Oklahoma.
Oct. 10, 1956.

Kenneth Lawson, Antlers, for petitioner.

Mac Q. Williamson, Atty. Gen., James P. Garrett, Asst. Atty. Gen., for respondent.

POWELL, Judge.

This is an original proceeding in habeas corpus instituted by Burford McDaniel, a minor of the age of 18 years, through his mother and next friend, Ozetta McDaniel, to secure his release from confinement in the Oklahoma Reformatory at Granite.

From the verified petition and certified copies of instruments attached, it appears that on the 1st day of February, 1954, a preliminary complaint charging petitioner and three other minors with second degree burglary, was filed in the Justice Court of D. R. Kershaw, at Antlers. The crime charged was alleged to have been committed on the 26th day of January, 1954. Petitioner was arrested February 2, 1954. A plea of guilty was entered on arraignment and the petitioner was bound over to the District Court. On February 3, 1954, petitioner was released on bond signed by petitioner's mother and Lizzie Thomas, the latter scheduling as to financial requirements. Neither the petitioner nor the respondent attach a copy of the judgment and sentence, but it otherwise appears from the record before us that based on the information that was filed in the District Court of Pushmataha County on February 5, 1954, charging the petitioner and others with second degree burglary, that on the same day petitioner entered his plea of guilty to the charge and was sentenced by the court to serve five years in the penitentiary at McAlester, but the sentence was suspended for and during petitioner's good behavior.

On October 19, 1954, the county attorney of Pushmataha County filed in the District Court an application to revoke the suspended sentence in question, and notice of hearing was issued and served on petitioner the same day. The hearing was set for the following day, October 20, 1954. The county attorney as ground for the revocation sought, alleged that subsequent to the suspended sentence and on the 19th day of October, 1954, he had filed an information in the District Court of Pushmataha County charging petitioner with the crime of grand larceny. The District Court at the hearing on October 20, 1954, set aside and revoked the suspended sentence theretofore entered and petitioner was immediately on that day transported to and received by the Warden of the State Penitentiary at McAlester. He was later on transferred to the Oklahoma State Reformatory at Granite to serve the remainder of his sentence and is at present confined in said institution.

Petitioner as grounds for the issuance of a writ of habeas corpus alleges that at the time of his arrest and sentence that he was a minor 16 years of age, that he had never before been arrested, brought before a court or confined. He was the eldest of eight children in a broken home; the mother, who was on government relief, looked after the family; petitioner's formal education was very meager. It is alleged that while petitioner was confined in jail at Antlers officers of Pushmataha County questioned him concerning the burglary with which he and three other young boys were charged and promised him that if he would plead guilty to said crime that they would see that he would receive a sus-

pended sentence and that he would not have to serve any time in prison; that he was not informed that he did not have to answer any questions and that anything which he might say could be used against him; that the officials did not tell him that he was entitled to be represented by counsel and if he was unable to employ counsel that the court would appoint counsel for him. It is further alleged that petitioner being young, inexperienced and ignorant of his rights and being afraid that he would go to prison agreed to plead guilty.

It is further set out that neither the examining magistrate before whom petitioner was arraigned on preliminary complaint nor the district judge before whom he was arraigned a day later, advised him what his constitutional rights were; that he was not aware that he was entitled to a preliminary hearing prior to arraignment in district court; that he did not know that the court would appoint a lawyer to advise him of his rights and to defend him if he was unable to employ counsel.

From the petition, response and evidence heard by this court on September 5, 1956, it appears that at some date prior to October 20, 1954, petitioner was again arrested and placed in the Pushmataha County jail and charged with grand larceny, and that, as heretofore recited, he was transported to the State Penitentiary on October 20, 1954.

On September 5, 1956, Ozetta McDaniel and counsel for petitioner appeared before this court and evidence was heard supporting the allegations of the petition. Thereafter and on September 19, 1956, respondent was permitted to file a response to the peti-

tion and among the exhibits was an affidavit of S. J. Thornton, Chief Deputy Sheriff of Pushmataha County relating the facts and circumstances surrounding the conviction of Burford McDaniel, and minutes of the Court Clerk in Case No. 1867. The Deputy Sheriff sets out that at the time petitioner was arraigned in the District Court in Case No. 1867 his mother was present, and that prior to entry of plea that he and the County Attorney conferred with the mother and advised her that she was entitled to have an attorney, but that she in substance said that she did not want an attorney if her son got a suspended sentence. Affiant goes on to relate the circumstances of the grand larceny charge and the revocation of the suspended sentence, but as we view the matter, the petition must be either granted or denied based on the circumstances of the entry of the judgment and sentence in Case No. 1867, the second degree burglary charge.

The minutes of the trial court fail to show that the court advised petitioner prior to accepting his plea that he was entitled to be represented by counsel and that if he was unable to employ an attorney that the court would appoint one to represent him.[1] The minute is brief, and merely states that petitioner entered a plea of guilty.

At the hearing before this court the attention of both counsel and Mrs. McDaniel was called to the fact that the petitioner had already served a good portion of the sentence in Case No. 1867 and that if a writ was granted that no doubt petitioner would be retried and might receive a more severe sentence, and that they risked the hazard of being tried on the grand larceny

1. In the case of In re Potts' Petition, Okl. Cr., 296 P.2d 180, 184 (April, 1956) this court said: "It is our conclusion that the fact that the sheriff, before petitioners were brought before the court for arraignment, told them that they were entitled to employ counsel, that such information was not sufficient but that it was the duty of the trial court when the petitioners were brought before him to not only advise them that they were entitled to be represented by counsel, but in view of the fact that the petitioners were minors, to have made further inquiry as to the ability of their parents or guardians to employ counsel, and if such minors could not procure counsel, it was the duty of the court to appoint some member of the bar to represent petitioners." See Ex parte Cook, 84 Okl.Cr. 404, 183 P.2d 595, at pages 599–601 for reasons.

charge that might be refiled and that had formed the basis for the revocation of the suspended sentence. After a suggested conference between them by the court, Mrs. McDaniel seemed to feel deeply that the constitutional rights [2] of the petitioner had been denied and insisted on this court meeting the issue squarely.

 The issues raised in the within case are largely determined by the law announced in the recent case of In re Potts' Petition, Okl.Cr., 296 P.2d 180, April 11, 1956. Paragraphs 1 to 11, and 13 of the syllabus by the court in that case are here adopted. The facts there and here are strikingly similar, except herein the mother of the minor was consulted by the Deputy Sheriff and County Attorney prior to the entry by petitioner of a plea of guilty in the District Court, and was present when the plea was entered. The State claims the mother acquiesced in everything that was done and that petitioner effectively waived his right to counsel and to be tried before a jury.

 As pointed out by the Attorney General, this court has never held that a minor defendant might not waive his right to counsel in a criminal case. Ex parte Cornell, 87 Okl.Cr. 2, 193 P.2d 904; Ex parte Barton, 1925, 32 Okl.Cr. 41, 239 P. 944, 945.

It is further pointed out that in the Barton case appears the statement: "But a failure to so safeguard the rights of accused minors, while it might amount to reversible error on an appeal, will not be sufficient to deprive the trial court of its jurisdiction over such minors so as to give the accused a remedy by habeas corpus in this court."

In the Barton opinion promulgated in 1925 there is no citation of authority for the above statement. It has not since been followed by this court. This principle was repudiated by the Supreme Court of the United States in the case of Johnson v. Zerbst, 1938, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357, and the Oklahoma Criminal Court of Appeals has in a number of cases cited with approval in toto, Johnson v. Zerbst. See expressions from this court in Ex parte Barnett, 1939, 67 Okl.Cr. 300, 94 P.2d 18, opinion by Judge Doyle; also Ex parte Robnett, 1940, 69 Okl.Cr. 235, 101 P.2d 645; Ex parte Meadows, 1940, 70 Okl.Cr. 304, 106 P.2d 139; Ex parte Pennington, 1941, 71 Okl. Cr. 263, 110 P.2d 923; Ex parte Cook, 1947, 84 Okl.Cr. 404, 183 P.2d 595; Ex parte Cornell, 1948, 87 Okl.Cr. 2, 193 P.2d 904, and In re Potts' Petition, supra.

 In the within case just what the deputy sheriff's idea of the constitutional rights of the defendant amounted to is not clear. The officer testified that he advised the defendant that he was entitled to employ a lawyer. The mother of the defendant swears that she did not understand that if she was unable to employ counsel to advise her of the rights of her son that the court would appoint one without expense to her to consult with and represent her son. But the outstanding feature of the case is that on arraignment the minutes of the court clerk fail to show, and there is no evidence on the part of the State to show, that the trial court advised the defendant and his mother, then present, that the defendant was entitled to consult with an attorney before entering his plea to the charge. There was no inquiry as to the financial ability of the mother to procure an attorney to advise with the minor and herself. The court did not, so far as the record shows, advise the mother in case he was satisfied that she was unable to procure an attorney, that he would appoint an attorney without charge to her, to represent the minor. If the record had reflected that the court at arraignment had

2. A person's constitutional rights are enumerated in Oklahoma in the following constitutional and statutory provisions: Bill of Rights, Okl.Const.Ann. Art. 2, §§ 7, 17 and 20; 22 O.S.1951, §§ 251, 252; 464, 491, 961, 962 and 970. And see Ex parte Barnett, 67 Okl.Cr. 300, at pages 322, 323, 94 P.2d 18, where Judge Doyle details these rights.

made inquiry as to the financial ability of the mother to employ counsel to advise with her and the son, and if she was not able to employ counsel, had offered to appoint counsel without cost to her, and she and the minor in the face of that had refused counsel and stated that defendant wanted to enter a plea of guilty, the situation would be vastly different than it is, as disclosed by the record, and would have compelled affirmance, but by reason of the matters shown and failed to be shown, the writ must be granted.

The argument advanced by the State that the court fund, the source of payment of court appointed counsel, was depleted, even if properly proven, would not affect our views here expressed, because the members of the bar are officers of the court and presumably are always ready, able and willing to aid the court in the administration of justice, and it could be expected that only the most urgent reason would ever be advanced by a member of the bar to evade his moral responsibility to represent without charge an indigent defendant, particularly a minor. The American Bar Association in recent years, particularly during the term of Judge R. G. Storey of Dallas, as president, has carried on a program to cause members of the American Bar to take seriously their duties to indigent defendants where constitutional rights are involved.

It is ordered that the judgment and sentence of the district court of Pushmataha County, in Case No. 1867 be and the same is hereby vacated and set aside, and that all other proceedings in said court subsequent to the filing of the information therein, be and the same are hereby vacated and set aside, and the cause is remanded to the district court of Pushmataha County with instructions to appoint counsel to represent petitioner, if he is not represented by counsel upon his re-arraignment in the district court.

It is further ordered that the writ of habeas corpus be issued and the Warden of the Oklahoma Reformatory at Granite is hereby ordered and commanded forthwith to deliver the petitioner, Burford McDaniel, to the custody of the Sheriff of Pushmataha County, who is directed to hold the said Burford McDaniel pending the disposition of the charge filed against him in Case No. 1867 in the district court of Pushmataha County, or until he is otherwise discharged according to law.

JONES, P. J., and BRETT, J., concur.