**Application of John Ray GASKILL for Writ of Habeas Corpus.**

**No. A–12699.**

Criminal Court of Appeals of Oklahoma.

Feb. 25, 1959.

**1090** 

M. M. Baucum, Duncan, for petitioner.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., Clinton D. Dennis, County Atty., Stephens County, for respondent.

BRETT, Judge.

This is an original petition for habeas corpus brought by John Ray Gaskill, a minor sixteen years of age, as petitioner. In the petition he seeks relief from a judgment and sentence entered November 18, 1958, of three years in the state penitentiary for burglary in the second degree, which sentence was suspended during good behavior. He alleges the sentence was entered on a plea of guilty when he was without the aid of counsel. On November 26, 1958, the matter was heard on an application for revocation of the suspended sentence. At this hearing the petitioner testified he was not guilty of the charge, asserting he entered his plea of guilty because he was not able to hire counsel or make bond, and understood he could not get a trial for several months and he would be confined in jail during such delay. It is further alleged he understood on a plea of guilty he would get a suspended sentence. In the hearing on November 26, he asked leave to withdraw his plea of guilty and stand trial. This relief was denied and the suspended sentence revoked.

As grounds for relief herein, he alleges he was without the aid of counsel as contemplated by law when he entered his plea of guilty. He prays that the writ of habeas corpus may be granted returning him to the county jail of Stephens County, Oklahoma, to be proceeded against with the aid of counsel as by law provided.

To this petition the state responded admitting the material facts contained in the petition, but denying the denial of aid of counsel and alleging that the petitioner effectively waived the right to aid of counsel.

██ The parties hereto entered into a stipulation of the facts setting forth matters material to determination of the issues herein. This stipulation reveals that the following things occurred between the petitioner's arrest and the trial court's pronouncement of judgment and sentence. On March 13, 1958, the matter came on for preliminary hearing. It appears that prior thereto, the County Judge appointed Attorney S of the Duncan, Oklahoma, Bar to represent petitioner. On the day of the preliminary, the petitioner's father contacted Attorney B of Duncan, Oklahoma, who advised Mr. Gaskill that in his opinion his son should plead guilty and ask for a suspended sentence. He was further advised that if he was not satisfied with Attorney B's conclusion, he should contact Mr. Baucum,

now of counsel for the petitioner. Before the preliminary hearing, by and with the consent of Mr. and Mrs. Gaskill and the petitioner, John Ray Gaskill, and upon their request so to do, Mr. Baucum consented to represent the petitioner at the preliminary hearing and dispense with the representation of Attorney S. Hence, Mr. Baucum was attorney at the preliminary hearing by selection and request of all the boys involved in the alleged crime, including this petitioner (and his parents.)

Under these conditions, we can not say that the petitioner was denied any of his rights to aid of counsel at the preliminary hearing. In fact, he had the able services of Mr. Baucum, upon whom he now relies and in whom he reposes great confidence. It is therefore apparent that any contention concerning the preliminary hearing relative to being without the aid of counsel is groundless.

We come not to consider the proceedings in the District Court at the time of arraignment on the information. It clearly appears that Mr. Gaskill consulted with Mr. Baucum, who advised him that the evidence, in his opinion, would not warrant the conviction of this petitioner, but fee arrangements could not be agreed upon and he was not employed. Mr. Baucum advised Mr. Gaskill that the court would appoint counsel for his son, and that would probably be Attorney S. It is stipulated, however, that such appointment might not necessarily have followed.

On March 17, 1958, the petitioner and his mother, notwithstanding the able advice of Mr. Baucum that the evidence would not convict petitioner if trial was had, and apparently acting upon the advice of Attorney B to throw himself on the mercy of the court, appeared on arraignment, stating he wanted to enter a plea of guilty and asked for a suspended sentence.

■ Petitioner now says he entered his plea of guilty because he would not be able to get a speedy trial and would have had to wait in jail for a long time. This issue of delay appears to be without substantial merit. The stipulation discloses that a term of court would have convened on June 23, 1958, about three months after the plea was entered. The fact of incarceration until trial would not constitute valid grounds for complaint or reason for entering a plea of guilty so as to make the plea involuntary. It is apparent the petitioner could have been tried at the next term of court, except for a showing of good cause to the contrary. 22 O.S.1951 § 812. This contention has no legal foundation.

■ When the arraignment was held on March 17, 1958, the stipulation discloses:

"* * * and there in open court and before John Ray Gaskill and his mother the Court fully and carefully explained to John Ray Gaskill, all of his rights, and particularly and specifically his right to be represented by counsel of his choice, and particularly that should he be unable to hire counsel that the Court would appoint a lawyer for him. That the defendant informed the Court that he did not want a lawyer appointed, and this was agreed to by his mother, and thereby waived the right to have counsel appointed and also waived the right to trial by jury, and entered his plea of guilty and asked the Court to give him a suspended sentence."

The trial court passed the matter over to March 18, 1958, when again the petitioner appeared, and the stipulation in relation thereto reads:

"That on the 18th day of March, 1958, the said John Ray Gaskill appeared in Court, with both his father and his mother, * * *.

"That on the 18th day of March, 1958, at the hearing held for the purpose of hearing any evidence in support of John Ray Gaskill's request for a suspended sentence, that the defendant appeared in person and with his mother and father, who were personally known to Judge Marmaduke, and at that time in open court the defendant was again asked if he wanted a

lawyer, and that the defendant again waived his right to have a lawyer represent him; and further that the defendant testified on his own behalf, under oath, and stated that he was guilty as charged in the information, but that he had never been convicted of any crime, and that he would go straight and live the life of an honorable and upright citizen if his sentence were suspended."

At this hearing it clearly appears that both the father and mother relied on Attorney B's advice of looking to the trial court for mercy despite Mr. Baucum's assertion that he thought on trial the petitioner would not be convicted. Upon the foregoing facts, the issue of waiver of counsel must be determined. All things else are collateral thereto.

 In Ex parte Cornell, 87 Okl.Cr. 2, 193 P.2d 904, this Court followed the rule announced in Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 1024, 82 L.Ed. 1461, 146 A.L.R. 357:

"When this right (to counsel) is properly waived, the assistance of counsel is no longer a necessary element of the court's jurisdiction to proceed to conviction and sentence. If the accused, however, is not represented by counsel and has not competently and intelligently waived his constitutional right, the Sixth Amendment stands as a jurisdictional bar to a valid conviction and sentence depriving him of his life or his liberty. A court's jurisdiction at the beginning of trial may be lost 'in the course of the proceedings' due to failure to complete the court— as the Sixth Amendment requires—by providing counsel for an accused who is unable to obtain counsel, who has not intelligently waived this constitutional guaranty, and whose life or liberty is at stake. If this requirement of the Sixth Amendment is not complied with, the court no longer has jurisdiction to proceed. The judgment of conviction pronounced by a court without jurisdiction is void, and one imprisoned thereunder may obtain release by habeas corpus. A judge of the United States—to whom a petition for habeas corpus is addressed—should be alert to examine 'the facts for himself when if true as alleged they make the trial absolutely void.' "

Mullen v. State, 28 Okl.Cr. 218, 230 P. 285; Goben v. State, 20 Okl.Cr. 220, 201 P. 812; Ex parte Robnett, 69 Okl.Cr. 235, 101 P.2d 645. In Ex parte Cornell, supra, [87 Okl.Cr. 2, 193 P.2d 911], this Court further held:

"We have had many cases involving similar questions to those here presented and we have never held that a minor defendant may not waive his right to counsel in a criminal case, but we have stated repeatedly that the trial court should be extremely cautious in receiving a plea in a criminal case from a minor defendant where he appears without counsel and attempts to waive his right to counsel, and that in such cases where the youth is seeking to plead guilty without the benefit of counsel, that the plea should not be received until the parents or guardian of the youth have been notified and had an opportunity to determine what should be done if anything for the defendant. These conclusions of ours apply to the ordinary criminal case."

This rule applies in cases of this kind since no capital offense is involved. The requirements relative to having the aid and advice of his parents were fully met herein. It further appears this petitioner had the advice of counsel pro and con before entering his plea as to whether he should enter a plea of guilty and ask for a suspended sentence, or whether he should stand trial, as a basis for an intelligent election. It appears also that the trial court meticulously advised the petitioner in the presence of both his father and his mother of his right to aid of counsel both

on arraignment and at the hearing on the question of granting a suspended sentence. Notwithstanding advice that he should stand trial, the petitioner insisted on pleading guilty. Furthermore, he swore under oath he was guilty as charged and that he would go straight and merit a suspended sentence if one was imposed. Under these conditions his sentence was suspended. There was no indication of dissatisfaction or claim of denial of any of his rights until he was charged with subsequently violating the law by drunkenness, fighting, resisting arrest, and profanity in a public place, and revocation of the suspended sentence was invoked. This case does not contain any of the revolting facts that existed in the Cornell case, supra, which were haste in the proceedings, denial of contact with and advice of petitioner's parents, and denial of aid of counsel.

It is pertinent to note that at the hearing on the application to vacate the judgment and sentence, withdraw the plea of guilty, and enter a plea of not guilty, the petitioner testified under oath that he was not guilty of the charge of which he stood convicted, which was contrary to his sworn testimony when he was seeking the mercy of the court. This Court is not required to reconcile such evidence.

■ Moreover, to vacate a judgment and sentence by habeas corpus for alleged denial of fundamental constitutional rights, where the judgment is regular on its face, the proof must be clear, convincing, and without doubt. Flowers v. State, 90 Okl. Cr. 390, 214 P.2d 728.

It is our opinion that under the rule heretofore followed in this Court, an effective waiver was made. The trial court did all it could have done short of forcing counsel upon the petitioner which it was not required to do. We are therefore of the opinion that the trial court did nothing to lose jurisdiction and its judgment and sentence is valid. The writ of habeas corpus is accordingly denied.

POWELL, P. J., and NIX, J., concur.