**Application of Ray G. GILLETTE for Writ of Habeas Corpus.**

**No. A–12847.**

Court of Criminal Appeals of Oklahoma.

Feb. 10, 1960.

Jack Combs, Tishomingo, for petitioner.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for respondent.

BRETT, Judge.

This is an original proceeding in habeas corpus brought on the verified petition of Ray Gust Gillette, a minor child fifteen years of age. In said petition he alleges that he is unlawfully restrained of his liberty by the Warden of the Oklahoma State Penitentiary, Hon. Robert R. Raines. The cause of said restraint is a certain judgment and sentence entered on November 16, 1959, against him in the District Court of Johnston County, Oklahoma, wherein he was charged by information with the crime of burglary in the second degree, allegedly committed on November 11, 1959, in said county. He says said judgment is void and he is entitled to be released by writ of habeas corpus because of denial of certain of his constitutional rights, specifically alleging he was not represented in the County Court of Johnston County by counsel at the preliminary hearing.

It has been repeatedly held that in an original action in the Court of Criminal Appeals in habeas corpus cases the minutes of the Court are the best evidence of what was done in the proceedings in the lower court and great weight will be given to the recitation in the minutes of the court proceedings as to what occurred therein. Ex parte Hunt, 93 Okl.Cr. 106, 225 P.2d 193; Ex parte McCombs, 94 Okl.Cr. 270, 234 P.2d 953; Ex parte Faulkenberry, 95 Okl. Cr. 259, 244 P.2d 324.

The duly certified records of the County Court clearly establish that the petitioner was heard on November 13, 1959, as a ju-

venile by the Judge thereof sitting as a Juvenile Court, and that petitioner was certified to the County Attorney as an adult, Ex parte Lewis, 85 Okl.Cr. 322, 188 P.2d 367, to be charged for the commission of the crime of burglary in the second degree. The record shows that the County Judge then sat as a committing magistrate, Ex parte Lewis, supra, and proceeded to hear the petitioner on the same day. The minutes thereof read:

"Robert Lee Eaton and Ray Gust Gillette came into Court on 11–13–59 and were informed of their Constitutional Rights to have an attorney and wait 24 hours to plead. They waived those rights and both entered pleas of guilty."

It thus clearly appears that the preliminary hearing was conducted without petitioner being accorded aid of counsel.

In Wyatt v. Wolf, Okl.Cr., 324 P.2d 548, we held that due process requires that an accused be advised of his right to aid of counsel at the preliminary hearing, and an indigent defendant is entitled to have counsel appointed by the committing magistrate if he so desires. In re Potts, Okl.Cr., 296 P.2d 180. In Application of Gooding, Okl.Cr., 338 P.2d 1114, we extended this rule further and said in the syllabus:

"Where eighteen-year-old minor farm boy, inexperienced in court procedure, was arraigned on a charge of burglary in the second degree, and although the court advised the accused that he was entitled to be represented by counsel, failed to make inquiry as to ability of parents or guardian to employ counsel, and failed to advise minor that if he lacked funds, the State would furnish counsel without expense to him, Held that defendant (was) en-

titled to have proceedings after filing of information vacated and petitioner remanded to district court for further proceedings as if never arraigned."

Here, the magistrate did not exhaust the field of inquiry and procedural remedies. Moreover, we are of the opinion that this petitioner being under sixteen years of age, the magistrate should have appointed counsel for him whether the same was requested or not. Ex parte Cornell, 87 Okl.Cr. 2, 193 P.2d 904, 906, in the ninth syllabus of which we said:

"In a felony case, where the defendant is unable to employ counsel and is incapable adequately of making his own defense because of immature youthfulness, ignorance, feeble-mindedness, illiteracy, or the like, it is the duty of the court, whether requested or not, to assign counsel for him as a necessary requisite of due process of law."

Each case of this kind must depend upon its own circumstances. We have held that where the accused had advice of counsel or his plea and waiver was entered by and with the consent of his parents, there was no defect in the proceedings and due process was accorded. Application of Gaskill, Okl.Cr., 335 P.2d 1088. It is apparent herein that this petitioner should have been accorded counsel at the preliminary by reason of his youthfulness and inexperience, and the failure to do so constituted denial of due process under our previous decisions.

The writ of habeas corpus is granted with directions to the Warden to return the petitioner to the custody of the Sheriff of Johnston County, Oklahoma, so that he may be proceeded against anew at the preliminary with aid of counsel as provided by law.

POWELL, P. J., and NIX, J., concur.